### NORRIS *v.* WARD.

A promise to pay, made by an endorser of a negotiable promissory note after its dishonor, is not a waiver of the consequences of a want of demand upon the maker and notice to the endorser, unless he knew there had been no demand and notice when he made the promise.

ASSUMPSIT, on a negotiable promissory note payable to the defendant and endorsed by him to the plaintiff before maturity. Facts found by a referee.   1. There was no demand of payment upon the maker and notice of the dishonor to the defendant such as is required by the law merchant to fix the liability of an indorser. 2. After the dishonor, the defendant promised the plaintiff to pay the note.   3. At the time of making the promise the defendant knew that he had not received due notice of the dishonor of the note.   4. At the time of making the promise he did not know that by the law he was discharged from liability on the note by reason of the want of notice to him of the dishonor.

*Dudley & Remick*, for the plaintiff.

*Aldrich & Shurtleff* and *Parsons*, for the defendant.

SMITH, J. It does not appear that the defendant, when he promised to pay the note after its dishonor, knew that no demand had been made upon the maker at the maturity of the note.   In order to render his promise effectual, he must have known that no demand had been made.   *Ladd* v. *Kenney*, 2 N. H. 340; *Otis* v. *Hussey*, 3 N. H. 346; *Whitney* v. *Abbott*, 5 N. H. 379; *Farrington* v. *Brown*, 7 N. H. 271; *Woodman* v. *Eastman*, 10 N. H. 366; *Bank* v. *Brown*, 12 N. H. 325; *Caldwell* v. *Porter*, 17 N. H. 27; *Rogers* v. *Hackett*, 21 N. H. 100; *Edwards* v. *Tandy*, 36 N. H. 544; *Hopkins* v. *Liswell*, 12 Mass. 52; 3 Kent Com. 113.

*Judgment on the report for the defendant.*

FOSTER, J., did not sit: the others concurred.