ROCHESTER SAVINGS BANK v. CHICK & a.

A stipulation in a promissory note, that " All the signers agree to be holden should the time of payment be extended," does not bind a surety to an indefinite extension of the time of payment made by agreement between the principal and payee, nor to more than one extension.

A promise to pay a note, made by a surety who has no knowledge of extensions whereby he is discharged from liability, is without consideration, and cannot be enforced.

ASSUMPSIT, on the following promissory note :

$900.00.                    Rochester, N. H., April 1, 1877.

Six months after date, for value received, we jointly and severally promise to pay the Rochester Savings Bank nine hundred dollars. All the signers agree to be holden should the time of payment be extended.

S. S. Chick & Co.
John S. Haines.
John B. Clark.

Clark only defends, pleading the general issue with a brief statement of the statute of limitations. He is a surety for Chick & Co., and was known to be such by the plaintiffs when they took the note. Without his knowledge, and without his consent except that expressed in the note, the plaintiffs, by agreement with Chick & Co., extended the time of payment eleven different times for

periods of from two to nine months each, the last of which expired April 1, 1886. The writ was made and bears date January 13, 1887. January 14, 1887, Clark, upon presentation of the note by the plaintiffs' attorney, promised to pay it. The writ was served by attaching his property, January 15, 1887, and upon him personally January 20.

*Worcester & Gafney*, for the plaintiffs.

*G. E. Beacham* and *J. S. H. Frink*, for the defendant Clark.

ALLEN, J. The extension of the time of payment of the note by the plaintiffs by a valid and binding contract with the principal makers, and with knowledge that the defendant Clark signed the note as surety, had the effect of discharging Clark unless he assented to the extension. *Grafton Bank* v. *Woodward*, 5 N. H. 99, 105; *Wheat* v. *Kendall*, 6 N. H. 504; *Watriss* v. *Pierce*, 32 N. H. 560. The agreement between the plaintiffs and the defendants Chick & Co. for an extension of time, in the absence of anything in the case to the contrary, must be taken to be a valid agreement, and one upon a good consideration and binding upon the parties making it. Such an agreement, made without the consent of the surety Clark, was a discharge of him from further liability. Clark had no knowledge of any of the extensions, and did not consent to any of them except by the agreement in the note. That agreement could not have been intended for an indefinite extension of the time of payment, nor for a series of extensions from time to time, indefinitely, so that the creditors and principal makers could, at their pleasure, always keep the surety liable, and forever prevent his enforcing payment against the principal, or using the statute of limitations as a defence. Such a construction of the agreement in the note with such consequences cannot be adopted without a clearly expressed intention to that effect in the agreement itself. The time of payment fixed upon in the note is six months, and the agreement, " to be holden should the time of payment be extended," naturally and by the ordinary force of language, and taken in connection with the first part of the note, means a reasonable extension for a definite time, and not a series of extensions indefinite in number and endless in repetition.

When the plaintiffs at the end of six months from the date of the note extended the time of payment for a definite period of time, the extension was in accordance with the agreement of all parties, all parties were bound by it, and the defendant Clark was not thereby discharged. But the agreement in the note was met and satisfied by such an extension. Any further extension upon a valid consideration and binding upon the plaintiffs, made without the consent of the surety, had the effect of discharging him.

Clark being discharged from liability as surety, his subsequent

promise to pay the note, with no knowledge of the extension by which he was discharged, nor of the circumstances under which the agreements for extension were made, did not have the effect to renew or reëstablish his liability without a new and valid consideration. *New Hampshire Savings Bank* v. *Colcord,* 15 N. H. 119, 125; *Edwards* v. *Tandy,* 36 N. H. 540; *Norris* v. *Ward,* 59 N. H. 487. The defendant Clark is entitled to judgment.

CARPENTER, J., did not sit: the others concurred.