Carroll,  }
Dec., 1897.  }

CONWAY SAVINGS BANK *v.* DOW *& a.*

An action upon a promissory note, payable " on demand with interest after six months," is not premature if brought within that time.

A stipulation in such note giving the payees " the right of collecting the whole or any part of this note at their own discretion, or of extending from time to time, by reception of interest in advance or otherwise, the payment of the whole or any part thereof without affecting our liability to pay the same " does not bind the sureties thereon to an extension of the time of payment by the principal and payees beyond six years from the date of the note.

ASSUMPSIT, on a promissory note for $2,500, as follows:

" CONWAY SAVINGS BANK.

" For value received we jointly and severally promise to pay the Conway Savings Bank, or order, twenty-five hundred $\frac{00}{100}$ dollars on demand with interest after six months, giving said bank the right of collecting the whole or any part of this note at their own discretion, or of extending from time to time, by reception of interest in advance or otherwise, the payment of the whole or any part thereof without affecting our liability to pay the same.

" HIRAM H. DOW,
" FRANK A. MUDGETT,
" S. C. HILL.

" Conway, N. H., Nov. 21, 1887."

The writ is dated December 9, 1896. The defendants Mudgett and Hill pleaded the general issue, with a brief statement of the statute of limitations. Facts found by the court.

The money was loaned to Dow, the first signer of the note. The other two signers were sureties, and were known to the bank to be such at the time the note was given. Interest was paid in advance and the note extended from time to time up to January 1, 1897. All payments of interest or principal were made by Dow. The defendants moved for a nonsuit on the ground that the action was brought before the time to which the note had last been extended. The motion was denied and the defendants excepted.

There was no evidence of any promise by Mudgett or Hill, after the date of the note, to pay the same; but the plaintiffs rely upon the form of the note to relieve it from the operation of the statute of limitations.

The defendant Hill was a brother-in-law of Dow and a trustee of the bank until within three years. He kept track of the note, knew about the payments made upon it, and on June 12, 1890, he carried a payment of fifty dollars from Dow to the bank.

*John C. L. Wood* and *E. A. & C. B. Hibbard*, for the plaintiffs.

*Worcester, Gafney & Snow* and *John B. Nash*, for the defendants.

BLODGETT, J. The motion for a nonsuit, on the ground that the action was prematurely brought, was rightly denied.

The note was on demand (*Grafton Bank* v. *Woodward*, 5 N. H. 99, 104; *Crosby* v. *Wyatt*, 10 N. H. 318, 323; *Shaw* v. *Shaw*, 43 N. H. 170, 171); by its terms the plaintiffs were empowered to collect it in whole or in part at their discretion; and no binding agreement extending the time of its payment beyond the date of the writ is found or appears. *Bailey* v. *Adams*, 10 N. H. 162, 164; *Fowler* v. *Brooks*, 13 N. H. 240, 246, 247; *Hoyt* v. *French*, 24 N. H. 198, 203.

As against the sureties, the cause of action was long since barred. "Actions of trespass to the person and actions for defamatory words may be brought within two years, and all other personal actions within six years, after the cause of action accrued, and not afterward." P. S., c. 217, s. 3. The plaintiffs' reliance upon the agreement embodied in the note to relieve it from the operation of the statute is without legal support. In the language of an analogous case: "That agreement could not have been intended for an indefinite extension of the time of payment, nor for a series of extensions from time to time, indefinitely, so that the creditors and principal makers could, at their pleasure, always keep the surety liable, and forever prevent his enforcing payment against the principal, or using the statute of limitations as a defence. Such a construction of the agreement in the note with such consequences cannot be adopted without a clearly expressed intention to that effect in the agreement itself" (*Bank* v. *Chick*, 64 N. H. 410, 411); and we are clearly of opinion that no such intention appears therein.

In its absence, upon the construction most favorable to the plaintiffs, the agreement must be taken and construed to have been entered into by the sureties in view of and subject to the statutory limitation of actions of this kind; and as the sureties have made no promise to pay the note, or, so far as appears, otherwise acknowledged their liability and willingness to pay it, within six years next before the commencement of the plaintiffs' action, they are in no wise estopped by the agreement, or by

the reported facts, to make the defence set up in their plea and brief statement. *Holt* v. *Gage*, 60 N. H. 536, 541, 542; *Gage* v. *Dudley*, 64 N. H. 271; *Lang* v. *Gage*, 65 N. H. 173, 175.

*Exception overruled: judgment for the sureties.*

CLARK, J., did not sit: the others concurred.