Strafford,
July 1, 1910.

### MERCHANTS NATIONAL BANK v. WORSTER & Tr.

Where a promissory note stipulates that all the signers thereof shall be holden upon extensions of payment for an aggregate period of six years, a surety is not entitled to notice of non-payment by the principal at the maturity of the note, nor of an extension granted in accordance with the terms of the agreement.

ASSUMPSIT, on a promissory note for $100, dated March 27, 1906, and payable two months from date. Transferred from the February term, 1910, of the superior court by *Chamberlin*, J.

The defendant filed a special plea alleging that he signed the note as a surety with the knowledge of the plaintiff; that one Peckham, the principal, failed to pay the note when it became due and obtained an extension of the time of payment to July 27, 1906, by paying to the plaintiff interest in advance to that date; and that the defendant was not notified of the non-payment of the note when it first became due. The note as set out in the plea contained the following agreement: "All the signers of this note agree to be holden for its payment, although the time of payment for the whole or any part of the same should be extended from time to time; such extension not to exceed in the aggregate six years. And all the signers agree to be holden should the time of payment be extended by the acceptance of interest either past due or in advance, from time to time not exceeding in the aggregate a period of six years." The plaintiff filed a demurrer to the plea which the court sustained, and the defendant excepted.

*Walter W. Scott*, by brief and orally, for the plaintiff.

*Frank F. Fernald*, by brief and orally, for the defendant.

WALKER, J. If it is assumed, in accordance with the defendant's claim, that he was merely a surety on the note and that the plaintiff understood that such was in fact his relationship to the transaction, the defence of want of notice of the dishonor of the note is unavailing. In *Conway Savings Bank* v. *Dow*, 69 N. H. 228, it was held that a stipulation in a note giving the payees " the right of collecting the whole or any part of this note at their own discretion, or of extending from time to time, by reception of interest in advance or otherwise, the payment of the whole or any part thereof without affecting our liability to pay the same," does

not bind the sureties thereon to an extension of the time of payment by the principal and payees beyond six years from the date of the note. The defence presented in that case was the statute of limitations, and the court say that " upon the construction most favorable to the plaintiffs, the agreement must be taken and construed to have been entered into by the sureties in view of and subject to the statutory limitation of actions of this kind." While that case is not an express authority for the proposition that the surety's liability continued during the statutory period, it recognizes the principle that it might have had that effect if such had been the intention of the parties. In *Rochester Savings Bank* v. *Chick*, 64 N. H. 410, it was held that a stipulation in a promissory note that " all the signers agree to be holden should the time of payment be extended " does not bind a surety to more than one extension, upon the ground that it would be unreasonable to infer that the parties intended to provide for an indefinite number of extensions. Both of these cases are based upon the fact of intention ascertained from the language used in the notes.

In the present case the surety expressly agreed to be holden upon extensions of the note from time to time, not exceeding in the aggregate a period of six years. There is nothing indefinite about the agreement and nothing is left to conjecture as to the duration of the liability assumed. The intention of the parties is plain that the surety should be liable on the note for a period not exceeding six years if the time of payment was extended for that length of time. As it is in effect conceded in argument that the receipt of interest in advance, on May 27, 1906, amounted to an extension of the time of payment to July 27, 1906 (*Crosby v. Wyatt*, 10 N. H. 318), and as it was not then paid by the principal, the defendant became liable to pay it in accordance with the terms of his agreement. *Pine River Bank* v. *Swazey*, 47 N. H. 154, 156. The defendant was not entitled to notice that the note had not been paid or that the time of payment had been extended, for he expressly authorized such extension and agreed to be bound by it. *Amoskeag Bank* v. *Moore*, 37 N. H. 539 ; 7 Cyc. 887.

*Exception overruled.*

All concurred.