MOORE & a. v. FITZ & a.

When the price of goods sold is payable on demand, the vendor, by sub-sequently taking the vendee's time notes for the amount of the goods, does not extend the time of payment of the price, unless the notes are received in payment.

A suit for the price, brought before the maturity of the notes, is not premature. The price may be recovered, if the notes are returned, or deposited with the clerk for the defendants, before judgment.

ASSUMPSIT. Writ dated December 27, 1879. Facts found by the court. October 31, 1879, the defendants bought goods of the plaintiffs, and they were charged on the plaintiffs' books. December 2, 1879, the defendants gave the plaintiffs their notes,—one on thirty and the other on sixty days,—payable to the order of the plaintiffs, for the same amount as the goods. There was no understanding or agreement between the parties that the notes were to be regarded as payment of the defendants' indebtedness for the goods. The plaintiffs procured the notes to be discounted, and have since taken them up, and they produced them on the trial, and tendered them to the defendants to be cancelled, but the defendants declined to receive them. The defendants excepted to the ruling of the court that the action was not prematurely brought. The plaintiffs had a verdict.

*Barnard & Barnard*, for the defendants, contended that the effect of the notes was to extend the time of payment until their maturity,—citing *Hill* v. *Marcy*, 49 N. H. 265; *Griffith* v. *Grogan*, 12 Cal. 317; *Higgins* v. *Wortell*, 18 Cal. 330; *Welch* v. *Allington*, 23 Cal. 322; *Mooring* v. *Ins. Co.*, 27 Ala. 254; *Ins. Co.* v. *Allen*, 11 Mich. 501; *Black* v. *Zacharie*, 3 How. 483; *Place* v. *McIlvain*, 38 N. Y. 96; *Putnam* v. *Lewis*, 8 Johns. 389; *Myers* v. *Welles*, 5 Hill 463; *Fellows* v. *Prentiss*, 3 Denio 518.

*E. B. S. Sanborn*, for the plaintiffs.

STANLEY, J. The time of payment, for the goods sold, was not fixed. The price was consequently due on demand, and bringing the suit was a sufficient demand; but the defendants claim that the plaintiffs, by taking the two notes, equal in amount to the bill, neither of which was due and payable when this suit was commenced, extended the time of payment, and this action was, for this reason, premature. A note is not payment of a preëxisting debt, unless specially agreed to be received as such. *Wright* v. *First Crockery Ware Co.*, 1 N. H. 281; *Jaffrey* v. *Cornish*, 10 N. H. 505; *Johnson* v. *Cleaves*, 15 N. H. 332; *Clark* v. *Draper*, 19 N. H. 423; *Randlet* v. *Herren*, 20 N. H. 103; *Whitney* v. *Goin*, 20 N. H.

354; *Smith* v. *Smith,* 27 N. H. 244; *Ladd* v. *Wiggin,* 35 N. H. 421, 426. Whether a note was agreed to be received in payment is a question of fact. *Wilson* v. *Hanson,* 20 N. H. 375; *Foster* v. *Hill,* 36 N. H. 526. So is the question, whether it was agreed to extend the time of payment for the goods. The mere reception of the notes, assuming them to have been given for the goods, as it was not a payment for them, did not have that effect. It was evidence to be considered, with the other evidence, on the question whether or not there was an agreement for an extension, but it was not conclusive, and the verdict establishes the fact that there was no such agreement. The offer to return the notes to be cancelled was seasonably made, and the plaintiff, on filing them with the clerk, is entitled to

*Judgment on the verdict.*

FOSTER, J., did not sit: the others concurred.