WOODWARD *v.* HOLMES.

HOLMES *v.* WOODWARD.

W. and H. having agreed that W. should buy timber land, that H. should cut off, manufacture, and dispose of the timber, W. furnishing the money needed and receiving the avails, and that W., on being reimbursed for the purchase-money, advancements, and interest, should convey the land to H., payments of money by W. in defending an action against both for a trespass committed by H. in cutting over the boundary line, and payments of money by W. in satisfaction of the judgment recovered against both in the action, are to be treated as advancements under the agreement.

A promissory note by H. to W. for the amount due on the agreement, though secured by a mortgage on land of H., is not a payment of the indebtedness unless so agreed, and H. is not entitled to a conveyance until payment of the note.

If the mortgage has been foreclosed, such foreclosure is a payment of the note to the extent of the value of the land foreclosed on, but an incomplete foreclosure is not a payment.

THE FIRST CASE is ASSUMPSIT, for money paid. Facts found by a referee. In 1881, Woodward agreed orally with Holmes to pay for and take deeds to himself of such timber lands as Holmes should bargain for, furnish Holmes the money necessary to carry on the business of manufacturing the timber, receive the avails of the lumber when sold, and, when reimbursed for the purchase-money, advancements, and interest, convey the lands to Holmes. Under the agreement, lots were bought and conveyed to Woodward, and Holmes manufactured the lumber.

In 1886 they had a settlement. The amount found due to

Woodward was two thousand dollars, for which sum Holmes gave him his promissory note secured by a mortgage on his homestead. After this, the business was continued until 1890, when Woodward commenced a suit against Holmes to foreclose the mortgage, recovered judgment, sued out a writ of possession, and was put in possession of the mortgaged property under the writ August 4, 1891. Whether he retained possession and foreclosed the mortgage does not appear, nor is the value of the mortgaged property found.

The boundary line between one of the lots purchased and a lot owned by one Leavitt was in dispute. In operating the lot in 1887–'8, Holmes cut over the line. Leavitt brought an action for the trespass against Holmes and Woodward, and recovered judgment for $138.37. Woodward paid the judgment, also the sum of $140.95 costs of defending the action, including counsel fees. The amount due Woodward, including these two items with interest, is $777.84; without them, $487.96, with interest from the date of the writ.

THE SECOND CASE is a BILL IN EQUITY, for specific performance, heard at the same time with the other. Holmes prays that Woodward may be decreed to convey to him the lots bought and operated under the agreement, all of which were bought before the settlement of 1886.

The court ordered judgment for Woodward in the suit at law for the larger sum ($777.84), and in the bill in equity a decree that Woodward convey the lots on payment to him of the amount of the judgment ($777.84), and whatever sum is due on the mortgage note for two thousand dollars. Holmes excepted to the order for judgment.

*Ladd & Fletcher*, for Holmes.

*Drew, Jordan & Buckley*, for Woodward.

SMITH, J. The expense of defending the trespass suit was a part of the expense incurred in operating the lot. Holmes is in no position to contend, and does not contend, that the trespass was wilful. The trespass was committed by him, and it is fair to assume that he supposed the tract in controversy was a part of the lot he purchased with money furnished by Woodward. For the proceeds of the lumber cut on the disputed tract Woodward has accounted, or is accountable, to him. The trespass suit was against them jointly, and Woodward, having paid the judgment and borne the expense of the defence, is entitled to judgment for the larger sum ($777.84).

In the equity suit, Holmes is not entitled to a decree for the conveyance of the lots without performing the contract on his part. The giving of his promissory note in 1886 was not a pay-

ment of the amount then due from him in the absence of an agreement to that effect, and the amount of the prior indebtedness was not extinguished. *Moore* v. *Fitz*, 59 N. H. 572, and authorities cited. No suggestion has been made that the mortgage has become foreclosed. The order at the trial term was, that Holmes pay whatever sum is due on the mortgage note. If the mortgage has become foreclosed and the mortgage property was of sufficient value to pay the note, then nothing is due upon it; but if it is insufficient, the balance due can be ascertained upon a hearing at the trial term.

*Exceptions overruled.*

CARPENTER, J., did not sit: the others concurred.