TOWNSEND TRUST COMPANY, a corporation of the State of Delaware, v. W. HARMAN REYNOLDS and THE NATIONAL BANK OF SMYRNA, a corporation of the United States of America, executor under the last Will and Testament of William J. Donovan, deceased.

(*February* 10, 1933.)

RODNEY, J., sitting.

*Harry K. Hoch* for plaintiff.

*Franklin Brockson* for The National Bank of Smyrna, Executor of William J. Donovan, deceased, one of the defendants.

Superior Court for New Castle County, No. 43, January Term, 1933.

RODNEY, J., delivering the opinion of the Court:

A number of questions were discussed in the argument,

but in view of the conclusion herein reached, but one will be considered.

The fourth item of the affidavit of defense as set out in the statement of facts expressly states that the plaintiff, neither at the time of the commencement of the action nor "now" holds or has in its possession any note or notes made or signed by the defendants. This categorically states that the plaintiff was not the holder of the note at the time suit was brought.

The note was a negotiable instrument and so subject to the *Negotiable Instrument Law. Section* 51 of the *Negotiable Instrument Law* (*Section* 2695 of the *Revised Code of the State of Delaware,* 1915) states:

"The holder of a negotiable instrument may sue thereon in his own name."

*Section* 191 of the same law (*Section* 2835 of the *Revised Code,* 1915) states:

"'Holder' means the payee or indorsee of a bill or note, who is in possession of it, or the bearer thereof."

All of the authorities, so far as I have been able to ascertain, hold that if suit is brought upon a note, it must be brought by the holder of said note.

In a negotiable note, the holder of said note can only be ascertained by the possession of it.

The authorities are uniform in holding that in order to constitute payment of a negotiable instrument a discharge thereof the payment must have been made to the legal holder in possession. *Joyce Defense to Commercial Paper,* § 977, and cases cited.

The note being negotiable the holder of it, whomsoever he might be, became the only party with whom the maker could settle and it would be no defense to show that the maker paid the original payee. *Prim & Kimble v. Hammel,* 134 *Ala.* 652, 32 *So.* 1006, 92 *Am. St. Rep.* 52. See, also, 5 *U. L. A.* 280 *et seq.;* 8 *Cyc.* 820; *Brannan Neg. Inst. Law* (*5th Ed.*) 479.

█ It seems probable that the note, being negotiable and in the possession of a third party, that a judgment of this Court would be no defense to a subsequent action by the holder thereof against the maker. If this be true, then in a summary proceeding such as the present one where the actual production of the note is not required, judgment should not be allowed where the precise fact of the holding or possession by the plaintiff of the negotiable instrument is directly put in issue.

██ While an affidavit of defense must set forth the legal defense, and nature and character thereof so the Court may pass upon the legal effect of the facts stated, yet it is true that judgment will not be entered on an affidavit of demand if there is anything in the affidavit of defense which convinces the Court that there may be legal defense to the action, as snap judgments are not favored in the law. *Frantz v. Templeman Oil Corp.*, 3 *W. W. Harr.* (33 *Del.*) 221, 134 *A*. 47.

The plaintiff's motion for judgment is, therefore, denied.