Hillsborough,
Mar. 4, 1947. } No. 3631.

ANNIE SAMALES *v*. GEORGE E. ESSIE.

*Sheehan, Phinney & Bass* (*Mr. Phinney* orally), for the plaintiff.

*Chretien & Craig* and *James A. Manning* (*Mr. Manning* orally), for the defendant.

BRANCH, C. J. The initial ruling of the Trial Court that the only question to be tried was the amount of the setoff was clearly erroneous. The contention of plaintiff's counsel that he had "a right to attack the validity of the notes on the question of consideration" was well founded. R. L., *c.* 366, *s.* 28; R. L., *c.* 391, *s.* 11; *Stratton* v. *Stratton*, 82 N. H. 125. If the defendant had been content to rely upon his exception taken at this point, a new trial would apparently have been necessary.

The defendant, however, did not elect to pursue this course. On the contrary, in an apparent effort to bring all available matters of defense to the attention of the Trial Court, he made the offer of proof above quoted. This offer was clearly made for some purpose and

cannot be ignored in this court. In making it, counsel for the defendant undertook to reopen the question previously passed upon by the Trial Court, and his exception to the prior ruling must be considered in the light of the offer of proof by which he undertook to indicate the nature of the evidence excluded thereby. It is true that the offer of proof was needless if counsel had elected to stand on that exception (1 Wig. Ev. 3d *ed. s.* 17 (4) ) but having been made, he cannot escape its effect, and unless it now appears that the offer, or some part thereof, was erroneously excluded, his exceptions must be overruled.

In support of his contention that there was no consideration for the notes, the defendant said that he, (1) "would prove that the notes in question were made to renew a note or notes which at the time were outlawed." He also offered to prove (2) that it was the understanding between the maker of the notes and the payee, that the notes in question "would never be enforced and would become effective if at all upon the death of the defendant Essie." The offer contained a further allegation (3) that "the original notes were paid in full by the defendant Essie." It concludes with a general catchall allegation (4) that "there was no consideration at all."

The allegation that "the original notes were paid in full by the defendant Essie," appears to have been definitely abandoned, presumably because it turned out to be contrary to fact, and was not referred to at the argument in this court. Defendant's entire brief consists of an argument in support of the proposition that "the defendant had the right to attack the validity of the two notes on the ground of lack of consideration, or total failure of consideration, and the Court's denial of this right was error." As pointed out above, this proposition does not adequately state the question at issue. That question would be more accurately stated as follows: Did the defendant have the right to attack the validity of the two notes on the ground of lack of consideration or total failure of consideration by evidence of the facts stated in the offer of proof? Stated in this way the question may be shortly disposed of.

The giving of a note in place of a prior one, even though the latter is outlawed, does not involve a failure of consideration. "The old debt is the consideration for the new promise . . . but the new promise, and not the old debt, is the measure of the creditor's right." *Batchelder* v. *Batchelder*, 48 N. H. 23, 24. This is the general law. See 34 Am. Jur. *s.* 298, *p.* 239.

Similarly the offer to prove that "there was an understanding

between the parties that the notes would never be enforced and would become effective if at all upon the death of the defendant" was properly rejected. The notes were payable on demand, and parol evidence tending to vary their terms was inadmissible. "The parol evidence rule excludes evidence tending to show an agreement or terms inconsistent with the terms of the note." *Merrimack River Savings Bank* v. *Higgins*, 89 N. H. 154, 156, and cases cited; *Jones Brewing Company* v. *Flaherty*, 80 N. H. 571, 572.

The vague statement in the last sentence of the offer that "there was no consideration at all," is a mere conclusion of law and "it is, of course, well settled that a general offer made in the course of trial to prove a mere conclusion presents no question for review upon objections and exceptions." *Garvey* v. *Chicago Railways Co.*, 339 Ill. 276, 284, citing *Martin* v. *Hertz*, 224 Ill. 84, and quoted in 1 Wig. Ev. (3d *ed.*) *s.* 17.

Furthermore, immediately after the offer of proof was made, the Presiding Justice inquired: "Which is it, that there was no consideration or that the notes were paid?" In reply to this and other inquiries, counsel suggested no new facts, but reverted to the statements already made: "Well, the old notes were paid . . . the second notes . . . there was no consideration passed at the time these two notes were made." It is thus apparent that the catchall allegation added nothing to the prior statements contained in the offer.

In accordance with the foregoing considerations, the order must be,

*Judgment on the verdict.*

All concurred.