Hillsborough, Mar. 1, 1949. No. 3773.

GENERAL MILLS, INC. *v.* EQUITABLE CREDIT CORPORATION & a.

*Samuel A. Margolis* (by brief and orally), for the plaintiff.

*Robert J. Doyle* (by brief and orally), for the defendants.

DUNCAN, J. The burden of establishing discharge of the original mortgages was upon the plaintiff. *Cutting* v. *Whittemore*, 72 N. H. 107; *Hill* v. *Marcy*, 49 N. H. 265. Whether they were discharged by the giving of the note and mortgage of January 5, 1948 depends upon the intention of the parties to that transaction. See *Laconia Savings Bank* v. *Vittum*, 71 N. H. 465. The agreed statement throws no light upon this question, except as it may be inferred from the fact that no discharges were given, that none were intended. 2 Jones on Mortgages (8th *ed.*) *s.* 1187; and see 36 Am. Jur. 921, *s.* 469.

There being no evidence that the later note and mortgage were given or accepted in satisfaction of the prior notes and mortgages

(*Hill* v. *Marcy, supra,* 268), or that anything more was intended than additional or collateral security for a continuing indebtedness (*Cutting* v. *Whittemore, supra; Ladd* v. *Wiggin,* 35 N. H. 421), the findings and rulings of the Trial Court were warranted, and the mortgages were properly held to have priority over the plaintiff's attachment.

*Exception overruled.*

All concurred.