Hillsborough, } No. 3862.
Dec. 6, 1949. }

GENERAL MILLS, INC. *v.* EQUITABLE CREDIT CORP'N & a.

*Samuel A. Margolis* (by brief and orally), for the plaintiff.

*Robert J. Doyle,* for the defendants.

KENISON, J. If the later consolidated note and mortgage given by Talbot, the defendant mortgagor, to the defendant corporation was in satisfaction of the prior notes and mortgages, there could be no foreclosure of the consolidated note and mortgage until its maturity. In such a case the new note is the measure of the creditor's right and a limitation on the time of its enforcement. *Samales* v. *Essie,* 94 N. H. 262, 264. In the former transfer (*General Mills* v. *Corporation,* 95 N. H. 395) the plaintiff sought an adjudication that the prior notes and mortgages were paid and discharged by the consolidated one but this relief was denied and cannot be reasserted again.

Plaintiff contends, however, that although the later note and mortgage did not operate as payment of the pre-existing debt, it did postpone the defendant corporation's right to foreclose until the maturity of that note. *Hill* v. *Marcy,* 49 N. H. 265, 268. The consolidated note was given either as conditional payment or as collateral security or both. If given merely as collateral security, the defendant corporation was not required to await its maturity before collecting the debt represented by the prior mortgages. *Whitney* v. *Goin,* 20 N. H. 354, 357, 359. Cf. *Moore* v. *Fitz,* 59 N. H. 572. If the consolidated note was also given and accepted by the parties as conditional payment (6 Williston, Contracts, Rev. *ed., ss.* 1875 F, 1875 H) so as to extend the time of foreclosure, there is no basis in the record for a claim by the plaintiff that he is entitled to relief for breach of the extension agreement. The foreclosure sale was originally enjoined by the plaintiff but thereafter the sale was consented to by all the parties to this proceeding and sanctioned by the court. Plaintiff having consented to the sale cannot now claim damage for its alleged prematurity whatever may have been its rights in the mortgagor's equity. See R. L., *c.* 388, *s.* 26. For the same reason the second ground of the plaintiff's motion could not entitle it to relief.

It is unnecessary to consider other reasons advanced by the defendant in support of the Trial Court's ruling and the order is

*Exception overruled.*

All concurred.