### HULL
v.
### BRANDYWINE FIBRE PRODUCTS CO.
Civ. A. 1514.

United States District Court, D. Delaware.
March 25, 1954.

**110**

Albert L. Simon, Stephen E. Hamilton, Jr., Wilmington, Del., for plaintiff.

William H. Foulk, William Duffy, Jr., Wilmington, Del., for defendant.

RODNEY, District Judge.

This is a motion for a summary judgment pursuant to Rule 56, Fed.Rules Civ. Proc. 28 U.S.C.

At a former stage of the case, viz., on December 1, 1953, an opinion was filed as to the status then considered. Reargument as to certain matters has been had, and the former opinion is annulled and this opinion substituted therefor.

The original complaint filed December 30, 1952 was quite abbreviated in form. It alleged diversity of citizenship and set out two causes of action. The first cause of action simply alleged an indebtedness of the defendant to the plaintiff in the sum of $25,500, with interest from December 31, 1952. The second cause of action alleged a five-year agreement of employment of plaintiff as general manager of defendant beginning January 1, 1950 at $20,000 per year and an illegal termination of the agreement on December 9, 1952 to the damage of the plaintiff in the sum of $40,000.

Upon a motion for a more definite statement the plaintiff has elaborated his claim. He bases the first cause of action on six promissory notes to be herein considered. The second cause of action he states was based upon an oral agreement for the employment of the plaintiff for the term of five years as manager of defendant.

The defendant on May 9, 1953 filed an answer setting forth three affirmative defenses and seven counterclaims. Subsequently certain interrogatories were propounded by defendant to plaintiff and certain depositions taken. Based on the pleadings, interrogatories and answers and depositions, the defendant has moved for summary judgment on both causes of action or, in the alternative, for an order under Rule 56(d) specifying the facts which appear without substantial contro-

versy and which shall be deemed to be established at the trial.

Rule 56(d) has reference to a situation where judgment is not rendered upon the whole case or for all the relief asked. In the present case, while multiple claims are involved, yet since this memorandum considers and disposes of all the claims in the suit, the particular Rule 56(d) will not be further considered.

The causes of action as set out by the plaintiff include:

First Cause of Action, consisting of six separate claims based upon six separate promissory notes.

(a) A promissory note executed by defendant to plaintiff for the sum of $3,800.00 with interest at 4½%, dated February 28, 1950 and payable three years after date (viz., February 28, 1953).

(b) A similar note for $4,000.00 and between the same parties and bearing the same date but being payable four years after date (viz., Feb. 28, 1954).

(c) A similar note as (b) but payable five years after date (viz., Feb. 28, 1955).

(d) A similar note as (b) and (c), but payable six years after date (viz., Feb. 28, 1956).

(e) A similar note as (b), (c) and (d) but payable seven years after date (viz., Feb. 28, 1957).

(f) Promissory note executed by defendant to the order of Leon K. Detwiler for the sum of $5,700.00, dated Feb. 28, 1950 and payable Feb. 28, 1953. The complaint alleges the note is not in the possession of the plaintiff but is in the possession of Detwiler and, presumably, always has been. It is alleged that the note is, in reality, due and owing to the plaintiff.

Claim (a), (b), (c), (d) and (e)

These five claims will be considered together as they are similar in nature and subject to the same objections. They each concern a negotiable instrument, all dated February 28, 1950 and being payable seriatim three, four, five, six and seven years after date. No one of the five notes was due according to its terms at the time the action was instituted on December 30, 1952 and three of them are not yet due. The non-maturity of the notes at the time the suit was brought is the essence of the objection. It is conceded in this case that the fact that two of the notes have become due since the institution of the suit is not a material circumstance, but that since none of the five notes had matured when the action was commenced, they are all subject to the same principles.

■■ There can be no doubt of the general rule of law that a plaintiff's right to recovery depends upon his right at the inception of the suit and the non-existence of a cause of action when the suit is brought is a fatal defect.[1] This rule is applicable to actions on negotiable instruments and a suit on such instrument cannot properly be brought until the cause of action accrues and a cause of action on a bill or note does not accrue until the instrument matures and is due and payable.[2]

These principles are not disputed but the plaintiff relies upon a principle now known as "partial integration." Upon this principle the plaintiff contends that the notes as given represent only a portion of a larger agreement, part of which may and must be shown by parol evidence and that the effect of such larger agreement was the acceleration of the maturity of the notes and that they were due and payable when the action was brought. It is contended that parol evidence would show that it was agreed the promissory notes, while payable upon a fixed and given date, were to be accelerated upon the happening of an extraneous event. This would essentially change a note with a fixed and future due date into a note payable on demand. The defend-

1. Rohm & Haas Co. v. Permutit Co., D.C., 114 F.Supp. 846.

2. American Bonding & Trust Co. v. Gibson County, 6 Cir., 145 F. 871, and cases collected in 8 Am.Jur. 25, 535; 1 C.J. 139, 1149; 1 C.J.S., Actions, § 125, p. 1390, and article "Premature Suits" in 16 Pl. & Pr. 873.

ant insists upon the principle that parol evidence is not admissible to vary the terms of a written instrument and insists that this principle applies with greater force with regard to negotiable instruments and that the principle of partial integration has no force to vary the due date of a promissory note where such due date is expressly set out.[3]

■ "Partial integration" is essentially an exception to the "parol evidence rule." This parol evidence rule is not a mere rule of evidence but a matter of substantive law. This rule, as usually understood, is that all conversations and parol agreements between the parties prior to a written agreement are so merged therein that they cannot be given in evidence for the purpose of changing the written contract or of showing an intention different from that expressed in the written agreement. To this general rule there are a number of exceptions as firmly fixed in the law as the rule itself. Among these exceptions is that called "partial integration." This applies when the entire agreement between the parties has not been reduced to writing but the writing comprises but a portion of the larger agreement. In such a case and under this exception parol evidence is admissible to prove that part of the larger agreement which has not been reduced to writing, but it is not admissible as affecting that part of the agreement that has been reduced to writing.

■ The only material part of the written agreement in this case, viz., the promissory note, which is sought to be affected by parol testimony is the due date of the note. This due date is of the very essence of the note and is expressly set out in the instrument and I am of the opinion that parol evidence would not be admissible to vary or contradict this express and written term of the agreement. That parol evidence is not admissible to vary the time of payment prescribed in a written instrument has been the holding of many authorities.[4]

■ Having determined that parol evidence would not be admissible to vary the due date of a promissory note, it becomes material to consider the result of this opinion upon the present motion for summary judgment. This motion is based upon the contention that the suit was prematurely brought before the notes were due. The only question of fact is when the notes were due. These dates are expressly set out and it is herein found that these dates cannot be altered by parol testimony. No admissible question of fact remains. In such case a summary judgment is proper.[5]

### Claim (f)

This note for $5,700 is subject to the same consideration as the notes just considered. A copy of the note was not presented but it is assumed that it was similar in form to the other notes and was negotiable in form. It clearly appears that it was dated February 28, 1950 and was due February 28, 1953. Like the other notes heretofore considered it was not due when the action was instituted but has become due during the pendency of the suit. It must be subject to the same consideration as the other notes.

■ In addition to other matters it clearly appears that the note was drawn to the order of one Leon K. Detwiler and that he is still the holder of the note but

3. Many authorities on the question are set out in annotations in 20 A.L.R. 477; 54 A.L.R. 716; 105 A.L.R. 1354. Particular reference is made to 9 Wigmore on Evidence, Secs. 2430, 2443, et seq.; Burque v. Brodeur, 85 N.H. 310, 158 A. 127; Merrimack River Savings Bank v. Higgins, 89 N.H. 154, 195 A. 369; Samales v. Essie, 94 N.H. 262, 51 A.2d 639; Baucom v. Friend, D.C.Mun.App., 52 A.2d 123; Buyken v. Ertner, 33 Wash.2d 334, 205 P.2d 628.

4. 9 Wigmore on Ev. (3rd Ed.), Par. 2444 (a) (2); 4 Jones Comm. on Ev. (2d Ed.) Par. 1640; Appeal of Baer, 127 Pa.St. 360, 18 A. 1, 4 L.R.A. 609; Nesbit v. MacDonald, 203 Cal. 219, 263 P. 1007; Baucom v. Friend, D.C.Mun.App., 52 A.2d 123.

5. 6 Moore Fed.Prac.Sec. 56.17(43) page 2235; Ford v. Luria Steel & Trading Corp., 8 Cir., 192 F.2d 880; Boro Hall Corp. v. General Motors, 2 Cir., 164 F.2d 770, 772.

not a party to this suit. It clearly appears that the note is not now and never has been in the possession of the plaintiff. The plaintiff seeks to sustain his position by asserting that while the note was made payable to Detwiler and is now and always has been in Detwiler's possession, yet it was understood that the money was in reality owed to the plaintiff. Thus the plaintiff seeks to contend that he is the real party in interest and thus entitled to sue. As to this note the plaintiff must seek by parol evidence to vary not only the due date of the note but the payee of the note as well. The note is a negotiable note and the questions are determinable under the law of Delaware where the Uniform Negotiable Instruments Law is in force, 6 Del.C. § 101 et seq. Under that Act and in Townsend Trust Co. v. Reynolds, 5 W.W.Harr. 298, 35 Del. 298, 165 A. 154, it was held that such suit could only be maintained by one in the possession or the holder of such note. To the same effect is Dolin v. Darnall, 115 N.J.L. 508, 181 A. 201, 102 A.L.R. 454, and the cases cited in the annotation thereto. See also 8 Am.Jur. p. 541. I am of the opinion that there are no provable controverted facts as to this claim, and I think the motion for summary judgment should be granted.

 It is at this point that I must consider the nature of the summary judgment to be entered on the several claims of the first cause of action and the anomalous situation cast upon me by the impact of the rules. The motion for summary judgment was based upon the prematurity of the action in that suit was brought before the notes had become due according to their terms. It does not matter whether the motion had been a motion to dismiss under Rule 12(b) (6) for failure to state a claim upon which relief could be granted or a direct motion for summary judgment under Rule 56. Extraneous matter was receivable in order that plaintiff might present his contention concerning partial integration and under these circumstances a motion to dismiss becomes, by the rule, a motion for summary judgment. There is not apparent to me any distinction between a summary judgment and any ordinary judgment save in the manner in which a summary judgment is obtained, viz., outside the ordinary common law procedure and in a particular way when no facts are in issue. A summary judgment deals with matters in bar of the action and not in abatement and ordinarily connotes finality from which an appeal will lie and res judicata apply. Prematurity of suit, viz., an action on a note before the note has become due by its terms, is not a matter in bar but in abatement and such suit, under ordinary circumstances, may be instituted after the note has become due.

Matters in abatement, therefore, viz., prematurity of suit, would not ordinarily be treated in a matter concerning summary judgment, but I feel compelled to do so by reason of the rules. Should, therefore, the complaint be dismissed by reason of the summary judgment? I am aware that certain motions here and elsewhere have concluded with the prayer "that summary judgment should be granted and the complaint be dismissed."[6] It would seem to me there is in this a measure of inconsistency. If the complaint is dismissed there remains no basis to support a summary judgment of any nature; if summary judgment is entered it requires, being a judgment, the existence of a complaint to give it substance. The order of the court should be for one remedy or the other.

 Summary judgment as to the several claims of the first cause of action must be granted but the order for such judgment should be so drawn as to be applicable only to the prematurity of the action and not in bar of any future actions, if any, on the notes.

6. Reported cases exist where such motions have been made and granted; e. g., Levine v. Behn, 169 Misc. 601, 8 N.Y.S.2d 58; Westinghouse Elec. Corp. v. Bulldog Elec. Prod. Co., D.C., 81 F.Supp. 987.

**114**

### Second Cause of Action

At an earlier stage of this case it was suggested that as to this separate claim a so-called "partial summary judgment" under Rule 56(d) should be entered. This was because other of multiple claims were not then disposed of. These other claims are now disposed of by this opinion and the plaintiff's motion for reargument of this second cause of action is refused.

■ In the original complaint the plaintiff, as to this second cause of action, simply alleged that he was general manager of the defendant under a five-year agreement beginning January 1, 1950 at an annual salary of $20,000, and that defendant illegally terminated the agreement on December 9, 1952 to the damage of the plaintiff of $40,000. The defendant filed a motion for a more definite statement inquiring whether the alleged employment agreement was in writing or oral in nature and desiring a copy, if in writing, or the substance of any oral agreement.

Pursuant to this motion, and without order thereon, the plaintiff filed a more definite statement of its complaint. Paragraph 4 of the statement states "the five-year employment agreement between the plaintiff and defendant is oral and not in writing" and plaintiff sets out partial performance for a period of three years. Paragraph 5 repeats the allegation that the agreement was oral.

The applicable provision of the Delaware Statute of Frauds is found in 6 Del. C. § 2714 as set out in the footnote.[7]

It is evident that the contract, as alleged, was not to be performed within the space of one year. It is clear and uncontroverted that a purely oral contract not to be performed within the space of one year in unenforceable under the Statute. It is equally uncontroverted that partial performance of services under an oral contract not to be performed within a year does not remove the contract from the operation of the Statute of Frauds so as to affect the portion of services not performed. See cases collected in 6 A.L.R.2d 1083, and see Harris v. Porter, 2 Har., Del., 27.

■ The plaintiff contends that the employment contract had its origin in a meeting of the directors of the defendant company held in June, 1950. He contends that notes were taken of the proceedings at that meeting. No such notes of the meeting have been presented or appear in this proceeding in any way. It is conceded that if such notes were taken they were not signed. The only pertinent writing before me is a letter dated January 17, 1951 from the defendant and signed by L. K. Detwiler and directed to the person in charge of the minutes of the Board of Directors. The letter stated, "The following should be included in Brandywine Minutes of Board of Directors' June 1950 meeting:

"It was resolved that the President's salary, C. G. Hull, be set at $20,000 per annum for the calendar year from January 1, 1950 to December 30, 1950 and thereafter until otherwise ordered by the Board of Directors."

The plaintiff concedes that in order to satisfy the Statute of Frauds concerning a contract not to be performed within a year the contract must be reduced to writing or some memorandum or notes thereof must be signed by the party to be charged or some person thereunto lawfully authorized in writing. The plaintiff purportedly relies upon the signed memorandum and upon an unsigned memorandum. The plaintiff contends that a memorandum, in order to be sufficient under the Statute, need not be in one writing but may consist of a number of writings, only one of which need be signed. With this contention I am in

---

7. "No action shall be brought to charge any person upon any agreement * * * that is not to be performed within the space of one year from the making thereof * * * unless the contract is reduced to writing, or some memorandum, or notes thereof, are signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized in writing * * *."

entire accord. The rule governing the situation when a sufficient memorandum consists of several writings is set out in the Restatement of the Law of Contracts, Vol. 1, Sec. 208. It is there stated:

"The memorandum may consist of several writings

"(a) if each writing is signed by the party to be charged and the writings indicate that they relate to the same transaction. [This section has no application because here there is only one writing signed by the party to be charged.]

"(b) though one writing only is signed if

"(1) the signed writing is physically annexed to the other writing by the party to be charged. [This section has no application for compliance with its terms does not exist.]

"(2) if the signed writing refers to the unsigned. [This section has no application for there is no such reference.]

"(3) if it appears from examination of all the writings that the signed writing was signed with reference to the unsigned writings. [This section has no application for the reason that no unsigned writing is produced for examination with the signed writing.]"

There appears no sufficient memorandum under the Statute.

■ The same result is arrived at by a different approach. The plaintiff insists upon a contract for five years. The only signed memorandum provides for a contract of one year which has expired and for which compensation has been made. If this signed memorandum is relied upon for a compliance with the Statute but it is sought to draw to it unsigned notes so as to show the complete contract, then the signed and unsigned instruments must together show the meeting of the minds (the contract) between the parties. The unsigned notes must refer to the same contract as expressed in the signed memorandum. If, in this case, they do refer to the same contract, then any unsigned notes, insofar as the term of the contract is concerned, add nothing to the signed memorandum. If, on the contrary, any unsigned notes, as to the length or term of the contract, are entirely inconsistent with the signed memorandum and set up an entirely different contract, then the signed memorandum and any unsigned notes do not refer to the same matter and any unsigned notes draw no strength from the signed memorandum insofar as the Statute of Frauds is concerned. This is not to say that some inconsistency may not appear between the signed memorandum and unsigned notes and that they may not still be together sufficient under the Statute. Despite such inconsistency the Statute may be satisfied by signed and unsigned writings if the essential terms of the contract may be ascertained from the signed memorandum. In my opinion the Statute would not be complied with by a consideration of signed and unsigned writings and where they materially differ by a total rejection of the terms of the signed memorandum and an acceptance of the unsigned writing.

[■ There remains, then, only the question as to whether the motion for summary judgment should be granted. Of course, a summary judgment should not be granted if any controverted question of fact appears which would or could be presented to the jury at a subsequent trial. The material question of fact in this case is the length or term of employment. This term of service is expressly set out in the only signed memorandum sufficient under the Statute. There does not appear to me any provable controverted question of fact and summary judgment should be granted as to the second cause of action in favor of the defendant.

An appropriate order may be submitted.