298 A.2d 533.

ANNIE M. ANDERTON, *Executrix vs.* HAROLD R. SHIPPEE *et al.*

JANUARY 9, 1973.

PRESENT: Roberts, C.J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J.   This is an appeal from a judgment entered in the Superior Court against the defendant, Industrial National Bank, hereinafter referred to as Industrial, in the amount of $5,000.   The plaintiff, Annie M. Anderton, is the executrix of the estate of her brother, Benjamin A. Anderton, who, prior to his death, had contracted to loan $12,000 to $14,000 to Mogee Associates, Inc., a corporation apparently controlled by Harold R. Shippee and his son, Harold R. Shippee, Jr.   It is alleged that the loan was made in a series of checks drawn by various banks where Anderton held savings accounts.   After Benjamin's death, his executrix brought suit against Harold R. Shippee and Mogee Associates, Inc., seeking repayment of the alleged outstanding balance of the loan.

Subsequently, the executrix discovered what she believed to be an improper endorsement of the check drawn by the Peoples Savings Bank, hereinafter referred to as Peoples, and payable to Anderton.   The check was one of those which was purportedly used by Anderton to transact the loan.   Anderton had endorsed the check as payable to the order of Harold R. Shippee.   The check was endorsed later: "Deposit to Record Publishing Co., Harold R. Shippee, Jr."   Payment upon Peoples' check occurred on July 26, 1957.   Benjamin Anderton died on August 7, 1962, and plaintiff was appointed executrix on September 11, 1962.   She

**4**

brought this action against Shippee and Mogee Associates, Inc., on July 3, 1963.

On April 23, 1964, both Peoples Savings Bank as drawer and Industrial National as guarantor of the endorsement were joined as parties as to the payment of the Peoples check of $5,000. The motion of the two banks for a separate trial was granted. At that trial, the trial justice dismissed the complaint as to Peoples but held Industrial liable for the full $5,000 amount of the check as guarantor of an improper endorsement. No appeal was taken from the dismissal of the executrix' action against Peoples, but Industrial has appealed from the judgment of $5,000 entered against it.

In the fifth count of her second amended declaration, the executrix alleges that Industrial was duty bound to dishonor the Peoples check bearing an improper endorsement, and, having paid the check through its own negligence or that of an employee, Industrial is liable to plaintiff for $5,000. The record indicates that Anderton was the payee on the Peoples check. However, that check was specially endorsed by Anderton. We must assume he delivered the check, since he was obliged to do so under the loan agreement, and no allegation to the contrary appears on the record.

The plaintiff does not contend that the payee's endorsement was improper nor that the check was not negotiated. Therefore, we need not consider the remedies available to the payee when his own endorsement is forged and his check is paid over that forged endorsement.[1] Instead, we must

---

[1]Nor do we consider the rights of the payee against the drawee bank in view of the fact that the dismissal of the executrix' action against Peoples was not appealed.

In addition, it should be noted simply for the purpose of clarification that at least one of the parties refers to the instrument in issue here as a cashier's check. In fact, the instrument is a bank check drawn by Peoples upon the Rhode Island Hospital Trust Co. A cashier's check is a bill of exchange drawn by a bank *upon itself* and is accepted by the act of issuance. Brady, *Bank Checks*, §1.4 & n.26 (3d ed. Bailey 1962).

consider the remedy against the collecting bank available to the payee who has delivered the instrument with a proper endorsement and whose check is later paid over a subsequent improper endorsement.

The parties agree that the Uniform Negotiable Instruments Law as enacted in Rhode Island governs this suit. Public Laws 1899, ch. 674.[2] Section 59 of that act provided that "[t]he holder of a negotiable instrument may sue thereon * * *." In §2, a holder was defined as "* * * the payee or endorsee of a bill or note, who is in possession of it, or the bearer thereof." In this instance the executrix stands in the shoes of the payee. However, the instrument is no longer in her possession. The clear weight of authority requires that the payee must retain the status of a holder of the instrument in order to have standing to sue the collecting bank on the instrument.

In *Hull* v. *Brandywine Fibre Products Co.*, 121 F. Supp. 108, 113 (D. Del. 1954), the Federal District Court for Delaware noted that under the Uniform Negotiable Instruments Law as interpreted in both Delaware and New Jersey a suit on a negotiable instrument can be maintained only by one in possession or the holder of such note. *Townsend Trust Co.* v. *Reynolds*, 35 Del. 298, 165 A. 154 (1933); *Dolin* v. *Darnall*, 115 N.J.L. 508, 181 A. 201 (1935). In addition, the Missouri Supreme Court has held that endorsement and delivery constitute negotiation. The payee loses all title to a check by a general endorsement and delivery and, consequently, also the right to sue upon the instrument. *American Forest Co.* v. *Hall*, 279 Mo. 643, 216 S.W. 740 (1919). Since the plaintiff has no standing to sue upon the instrument, and there is apparently no basis for direct

---

[2]The Uniform Commercial Code became the law of this jurisdiction on January 2, 1962, and applies to all causes of action accruing after that date. *See Kelly* v. *Ford Motor Co.*, 110 R. I. 83, 290 A.2d 607 (1972).

liability between the payee, who is no longer a holder, and the guarantor, the action should have been dismissed.

The appeal of the defendant is sustained, the judgment appealed from is reversed, and the case is remitted to the Superior Court for further consideration in accordance with this opinion.

*Israel H. Press, Arthur Conaty*, for plaintiff.

*Edwards & Angell, John H. Blish*, for defendants.