Rockingham, }
June 6, 1905. }

NEWELL *v.* CLARK *& a.*

The fact that a promissory note is payable on demand with interest annually, and contains an agreement that the sureties are " to be liable without notice as long as there is any liability of the principal," does not indicate an intention on the part of the sureties to constitute the maker an agent for the purpose of renewing their obligation; and an action against them is barred by the statute of limitations if brought more than six years after the day on which the note was made.

A suggestion as to the collection of unpaid interest, made by a surety on an overdue note to the holder thereof, is neither a new promise which avoids the bar of the statute of limitations, nor evidence from which such promise can be found.

ASSUMPSIT, upon a promissory note. Writ dated July 25, 1904. Transferred from the January term, 1905, of the superior court by *Wallace*, C. J., upon an agreed statement of facts.

The defendants are sureties on a note for $1,000 given by Charles F. Piper to the plaintiff, dated December 18, 1897, and payable " on demand, with interest annually." In addition to the provisions usual in such notes, " the sureties agree to be liable without notice as long as there is any liability of the principal."

January 1, 1904, Piper paid the interest to December 18, 1903. He died before this action was brought. There was no promise on the part of the sureties after the date of the note, unless the conduct of the defendant Clark can be so construed. He was shown the note after it was more than six years old and before the last interest was paid, and after looking it over said: "The last year's interest is overdue; I should speak to Carroll about it, if I were you." Carroll was the son of the maker of the note and had charge of the latter's business at the time.

*Page & Bartlett*, for the plaintiff.

*Leslie P. Snow*, for the defendants.

YOUNG, J. The words "with interest annually" are not ordinarily used in notes of this kind for the purpose of constituting the maker the agent of the sureties to renew the note, but to prescribe the rule by which the interest is to be computed. *Townsend* v. *Riley*, 46 N. H. 300, 313, 315. So the mere fact that the note is payable on demand, with interest annually, has no tendency to prove that the sureties intended to constitute the maker their agent to renew it. Neither has the clause in the note in relation to the liability of the sureties any such tendency, either when standing alone or when taken in connection with the fact that the note is payable on demand with interest annually, if the language used is given its ordinary meaning. As there are no other facts from which it is claimed the existence of such an agency can be found, it will be unnecessary to consider whether this action could have been maintained if the sureties had constituted the maker their agent for that purpose.

If the clause in relation to the liability of the sureties, when fairly construed, contains a valid agreement on the part of the defendants not to plead the statute of limitations, the plaintiff cannot take advantage of it in this action; for if a person may legally make such an agreement, the only way in which the person for whose benefit the agreement is made can take advantage of it is to plead it as the foundation of an estoppel, or to bring an action upon it. It does not appear from the agreed statement of facts that the plaintiff's delay in bringing this suit was in any way caused or induced by her reliance upon that agreement, so it is unnecessary to consider whether, if she had relied upon it and had been in no fault for so doing, the defendants would or would not be estopped to plead the statute. *Shapley* v. *Abbott*, 42 N. Y. 443, —1 Am. Rep. 548; *Gaylord* v. *Van Loan*, 15 Wend. 308; *Quick* v. *Corlies*, 39 N. J. Law 11; *Cecil* v. *Henderson*, 121 N. C. 244;

*Crane* v. *French*, 38 Miss. 503 ; *Holman* v. *Company*, 117 Ia. 268, —94 Am. St. Rep. 293 ; *Bridges* v. *Stephens*, 132 Mo. 524 ; *State Loan Co.* v. *Cochran*, 130 Cal. 245 ; *Andreae* v. *Redfield*, 98 U. S. 225, 239 ; 95 Am. St. Rep. 411, note ; Wood Lim. (2d ed.), s. 76.

Since the defendants are not estopped to plead the statute, it will be necessary to consider when the plaintiff could have maintained an action against them upon this clause of the note, in order to determine whether or not the statute is a bar to this action ; for it is a bar to all personal actions that are not brought within six years from the time the cause of action accrued (P. S., c. 217, s. 3), and her cause of action accrued within this rule when she could first have maintained an action against them on this clause of the note. The defendants' agreement was twofold : they agreed to pay the note whenever payment was demanded of them, and to be liable as sureties as long as there was any liability on the part of the maker. Both of these agreements were collateral to, and made to secure the performance of, the maker's promise to pay the note whenever he was asked to do so ; that is, both of these agreements were collateral security that the maker gave the plaintiff to secure the performance of his original agreement to pay her $1,000 on demand. Since this is so, if the maker neglected to pay the note when the plaintiff called upon him to pay it she could proceed at once against the collateral security ; for the purpose for which that was furnished was to insure the performance of his undertaking. So the plaintiff would have a right of action against the sureties on both of these undertakings whenever the maker was in default. It follows that the plaintiff could maintain an action against the defendants on either of their agreements whenever she could have maintained one on the note against the maker ; for bringing an action against him would be a sufficient demand to fix their liability on their agreement to pay the note if he neglected to do so and to be liable as sureties as long as there was any liability on the part of the maker. So the statute is a bar to this action. In other words, the defendants' contract in respect to their liability as sureties was made to secure the performance of the maker's promise to pay the plaintiff $1,000 on demand. So the plaintiff would have a right of action against them whenever there could have been a default in the performance of his agreement ; that is, when she could have maintained an action against him. She could have maintained such an action the day on which the note was made. *McMullen* v. *Rafferty*, 89 N. Y. 456, 459. So the statute is a bar to this action, whether it is founded on the defendants' promise to pay the note if the maker neglected to do so, or upon their agreement not to plead the statute

in an action on the note; for the statute will run against an action upon a contract to waive it, as well as one upon any other contract. *Trask* v. *Weeks*, 81 Me. 325; *Clark* v. *Swift*, 3 Met. 390; *Kellogg* v. *Dickinson*, 147 Mass. 432, 436; Wood Lim. (2d ed.), s. 76.

There is no force in the plaintiff's contention, that if this clause in respect to the liability of the sureties is not construed to be an appointment of the maker as the agent of the sureties for the purpose of renewing the note, it is meaningless and added nothing to the note. The statute is not the only defence that may be open to a surety on, and not to the maker of, a note. The parties when they made this agreement may have thought that by it the defendants were agreeing to become makers of the note, so far as the plaintiff was concerned, and that they would not avail themselves of the defence that would be open to them as sureties if the time of payment were extended (*Rochester Savings Bank* v. *Chick*, 64 N. H. 410), or the terms of the agreement materially varied in any other respect (*Watriss* v. *Pierce*, 32 N. H. 560), or security held by the plaintiff as collateral for this note given up or lost through her negligence (*City Bank* v. *Young*, 43 N. H. 457), or anything else done to prejudice their rights as sureties without their knowledge and consent. *Conway Savings Bank* v. *Dow*, 69 N. H. 228. Indeed, the fact that they "agree to be liable without notice" tends rather to prove that they had such defences in mind, than that they were contracting with reference to the statute of limitations; for if they knew of and assented to any change in the terms of the agreement they would be bound by it, but if they knew of and assented to the principal making payments on the note, or even if they requested him to make them, their liability would not be increased, notwithstanding that making such payments would renew the note so far as he was concerned.

What Clark said when the note was shown him neither amounts to a new promise, nor is evidence from which one could be found. *Rossiter* v. *Colby*, 71 N. H. 386, 387; *Mooar* v. *Mooar*, 69 N. H. 643, 645; *Engel* v. *Brown*, 69 N. H. 183, 184; *Holt* v. *Gage*, 60 N. H. 536, 541.

*Judgment for the defendants.*

All concurred.