WALDO BROS. COMPANY

*vs.*

N. W. DOWNING

*and*

THE INHABITANTS OF THE TOWN OF LIMESTONE, TRUSTEE.

Aroostook.      Opinion, January 6, 1933.

*William R. Roix*, for plaintiff.
*Granville C. Gray*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

PATTANGALL, C. J. On exceptions by plaintiff. Assumpsit. Principal defendant defaulted. Trustee disclosure filed. Trustee discharged. Writ dated January 27, 1932, and served on trustee on the following day. Trustee admitted being indebted to principal defendant on open account in the sum of $1,114.10 on January 26, 1932, but claimed to have given him on that date a promissory note for that amount, thus liquidating the debt and relieving it from liability as trustee.

Plaintiff claims that the note in question is invalid and has no effect in extinguishing principal defendant's claim against the town, at least so far as these proceedings are concerned.

The disclosure of the trustee contained a copy of the document in question:

"$1,114.10                    Limestone, Maine Jan. 26th, 1932.

On demand after date, the Inhabitants of the town of Limestone promise to pay to the order of N. W. Downing One thousand, one hundred and fourteen dollars and ten cents at any bank. Value received.

Inhabitants of the Town of Limestone.
by
E. A. Noyes
H. H. Thompson
W. K. Fenlason
Selectmen of the town of Limestone.

Countersigned:
Edna H. Long
Treasurer of the Town of Limestone.

The above note is issued in accordance with a vote of the Inhabitants of the Town of Limestone passed at the annual Town meeting of the Inhabitants of said Town of Limestone, held March 16th 1931 to be used for current expenses during the year within which the same are made out of money raised during the current year by taxation and bearing interest at the rate not to exceed seven percent, and is a legal obligation of the Inhabitants of the said Town of Limestone, Maine.

Inhabitants of the Town of Limestone.
By
E. A. Noyes
H. H. Thompson
W. K. Fenlason
Selectmen of the Town of Limestone, Maine.

Edna H. Long
Treasurer of the Town of Limestone."

In March, 1931, at their regular annual meeting, the Inhabitants of Limestone voted "to authorize the selectmen and town treasurer to execute and negotiate Town of Limestone notes for sums not greater than actually necessary to pay current expenses payable during the year within which the same are made out of money raised during the current year by taxation and bearing rate of interest not exceeding 7%."

The sole issue in the case is whether this note was legally executed and negotiated by the selectmen and the town treasurer in their official capacity in conformity with the vote of the Inhabitants of the Town of Limestone so as to create liability on the part of the town.

Plaintiff argues that such is not the case because the vote of the town was to "authorize the selectmen and treasurer" to execute and negotiate notes, and says that this note was executed by the selectmen alone without authority, that the signature of the treasurer on the note was without effect, being preceded by the word "Countersigned," and that by merely countersigning the instrument the treasurer created no liability on the part of the town.

It is true the town did not give the selectmen authority to execute and negotiate notes in its behalf. Neither did it give such authority to the treasurer. Joint action on the part of these officials was necessary in order to conform to the vote and bind the town. It is also true that there is a distinction between signing and countersigning an instrument. Webster defines the verb "countersign" as follows: "To sign in addition to the signature of another, in order to attest the authenticity. To sign or mark for authentication." And the noun, "The signature of a secretary or other person to a writing already signed by another, to attest its authenticity." These definitions are adopted by legal authorities. 15 C. J., 378.

Town officers have no authority to negotiate loans or execute notes in the name of the town without express authority of the town given in its corporate capacity. "This is too well settled to require citation of authorities." *Parson* v. *Monmouth*, 70 Me., 262; *Ross* v. *Brown*, 74 Me., 352.

In order to determine the obligation of the trustee to the principal defendant, we must consider as a whole the document executed by the officers of the town and delivered to him. In *Tuckerman* v.

*Hartwell*, 3 Me., 155, and *Hobart* v. *Dodge*, 10 Me., 595, our Court adopted the reasoning of *Jones* v. *Fales*, 4 Mass., 245, wherein, speaking of certain words written on the margin of a promissory note and not essential to it, the Court said, "The next question is, whether these words, thus written and placed, are a part of the promissor's contract. I do not think it material, whether they were a part of the original contract or added in explanation of it. For when the promissee took the note with these words on it, he was subject to the explanation in the memorandum, if it was one, as much as he would have been bound by these words, if they were a part of the promise. I consider those words as furnishing evidence of the understanding of the promissor and promissee . . ."

"In the construction of a note, the intention of the parties is to control if it can be legally ascertained. It is competent for the Court to determine from the paper itself in the light of the circumstances in which it was given what was the actual intention of the parties." *Nichols* v. *Frothingham*, 45 Me., 225.

The rule is well established that the intention of the parties to a contract is to be determined by a study of its entire contents, no part of which may properly be excluded from consideration; and it has been universally held that anything written or printed on a promissory note, prior to its issuance, relating to the subject matter of the instrument must be regarded as a part of the contract evidenced thereby and is to be given due weight in its construction.

Applying these rules to the instant case, an examination of the whole document leads to the conclusion that the plain intent of the treasurer of the town was to join with the selectmen in executing the note in question; and that the word "countersigned" prefacing her signature was used without thought of its technical legal meaning and may be disregarded. The note, as between the parties thereto, constitutes a binding obligation of the trustee.

*Exceptions overruled.*