Hillsborough, }
Nov. 2, 1937. }

MERRIMACK RIVER SAVINGS BANK *v.* WILSON F. HIGGINS.

*McLane, Davis & Carleton (Mr. George F. Nelson* orally), for the plaintiff.

*O'Connor & Saidel (Mr. J. Francis Roche* orally), for the defendant.

ALLEN, C. J.   In the effect of the statute of limitations the promise to pay on demand, as contained in a negotiable instrument, is to pay forthwith.   The promise creates a matured obligation as soon

as it is given. "Promissory notes payable on demand are, by the import of their terms, payable upon request. But long settled construction, regarding them as evidence that money is due from the promisor to the holder, makes them payable generally as if the note had contained a promise to pay a sum of money to the holder, without anything superadded. It is held that a suit is a sufficient demand, which implies the necessity of a demand, and then negatives the necessity of any such demand by sustaining a suit which is supposed to be founded upon a demand, when none has in fact been made. The writ is in no sense the demand upon which the suit is founded. This construction makes it the duty of the maker to seek the holder, and make payment without any demand, and charges him with neglect if he fails so to do." *Thurston* v. *Bank*, 18 N. H. 391, 393.

The policy of the rule extends to indorsers. "So the plaintiff would have a right of action against them [the sureties] whenever there could have been a default in the performance of his [the maker's] agreement; that is, when she could have maintained an action against him. She could have maintained such an action the day on which the note was made." *Newell* v. *Clark*, 73 N. H. 289, 291.

The weight of authority upholds the rule. 17 R. C. L. 769, *s.* 136; 8 C. J. 406, *s.* 602; 37 C. J. 845, *s.* 200.

The rule has been criticized on the ground that it runs counter to the principle of construction by which writings are to be given a meaning according to the ordinary and popular sense of the language employed. But the principle, in its completeness, allows exceptions in cases where by usage in special kinds of transactions a special meaning is properly invoked. ". . . words are to be understood in their ordinary and popular sense, except in those cases in which the words used have acquired by usage a peculiar sense different from the ordinary and popular one." *Baldwin* v. *Insurance Co.*, 60 N. H. 422, 424.

And the rule produces a simple and practical result. The holder may at any time give himself a cause of action, without relying upon the usage calling for an exceptional construction. Not doing so, he sleeps on his rights, and the statute of limitations seeks to put an end to claims of creditors thus sleeping. There being the power to create the cause of action as soon as the note is given, it is within the spirit of the statute that the cause be held to be accrued in reality by such force of its potentiality to be immediately accrued.

It is the plaintiff's position that the note, by reason of its special features and the special circumstances of the transaction out of which

it was given, differs from one in ordinary form, with a result of requiring, with or without demand, a reasonable time to elapse before it matured. The position is unsound.

The note is payable on demand by force of the negotiable instruments law (P. L., c. 312, s. 7), which provides that a negotiable instrument is payable on demand if, among other forms, it is one "where it is expressed to be payable on demand." The statute states no exceptions or qualifications to the demandable character of such an instrument, and no policy is perceived by which any are implied by it. The law is intended to be a fully developed codification, of static fixation. It seeks definiteness and completeness, avoiding uncertainty and elasticity. Even at common law neither the provision for payment of interest in a note payable on demand nor the fact that property is furnished as collateral security for it, postpones maturity. *Bailey* v. *Adams*, 10 N. H. 162; *Conway Savings Bank* v. *Dow*, 69 N. H. 228; *Newell* v. *Clark*, 73 N. H. 289; *Brown* v. *Latham*, 58 N. H. 30. A demand note may contain terms applicable after it becomes overdue, but the terms neither fix nor defer maturity.

In the ordinary case of a demand note secured beyond the maker's credit, the other security may tend to show an understanding for some postponement of enforcing payment, but the parol evidence rule excludes evidence tending to show an agreement or terms inconsistent with the terms of the note. *Hoyt* v. *French*, 24 N. H. 198, 202, 203. The note, integrating the agreement, omits no terms bindingly agreed upon. The expectation, or even gratuitous promise, that the enforcement of rights will be deferred is without legal effect to change or add to the provisions of the instrument. And the understanding of parties who have used language which has a definite meaning in the law is not evidence to show that the language has a different meaning. ". . . parol evidence cannot be received to vary or control the settled legal import of a commercial instrument." *Barry* v. *Morse*, 3 N. H. 132, 134. The right to rescission or reformation by reason of mutual mistake is not here involved.

It cannot be doubted that a holder of a demand note secured by a mortgage of real estate may proceed at any time to bring suit upon the note or to foreclose the mortgage. And the reasons for an immediate maturity of a demand note which has only the maker's signature to give it value are equally pertinent and forceful in application to a note secured by collateral or indorsement. When an indorser waives his special rights in respect to demand notice and protest, he is virtually in the position of a surety or guarantor; and whether

or not he would expect that the time during which he might be sued runs from the date of his undertaking, is immaterial. The form of the note is determinative. Such an indorsement creates a liability for him to be sued commensurate with that of the maker, and it follows that he may be sued whenever the latter may be. To require a demand upon an indorser thus waiving his special rights before suit may be brought against him, would permit an indefinite period to elapse before the accrual of the cause of action, in conflict with the general policy of the statute of limitations. Reserving no right of demand, he may be sued without one.

In so far as the plaintiff relies upon the statute (P. L., c. 329, s. 5) by which action on a note secured by a mortgage of real estate may be brought so long as action on the mortgage is not barred, parties not joining in the mortgage are not within the application of the statute. *Meredith &c. Bank* v. *Ladd*, 40 N. H. 459. The defendant has assumed no liability as a mortgagor and may therefore invoke the limitation of six years prescribed for personal liability on contracts not under seal. P. L., c. 329, s. 3.

The conclusion reached avoids the need of passing upon the issue of defence on the ground of an extension of the note without the defendant's consent.

*Exception overruled.*

All concurred.