JOHN J. BARRON, ADMINISTRATOR
OF THE ESTATE OF MARGARET MCFADDEN

*vs.*

C. EVERETT BOYNTON

AND

ALICE BUXTON BOYNTON.

Cumberland.     Opinion, September 7, 1940.

*Harry C. Libby*, for plaintiff.
*George W. Weeks*, for defendants.

SITTING : STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, JJ.

STURGIS, C. J.   In this action of assumpsit on a promissory note, at the return term of the Superior Court the defendant C. Everett Boynton was defaulted and, the defendant Alice Buxton Boynton having filed a plea of general issue and for a brief statement of special matter of defense pleaded the statute of limitations, the case was referred under rule of court with right to except as to questions of law. The referee, after hearing, reported that the defendant Alice Buxton Boynton was entitled to judgment. Objections duly filed were overruled, the report accepted and exceptions reserved.

The note in suit, in its pertinent parts, is of the following tenor:

"$3286.31                    Portland, Me.  Oct. 2nd. 1931

ON DEMAND for value received We promise to pay to the order of Mrs. Margaret McFadden of Portland, Me., Thirty two hundred eighty six and 31/100 Dollars with Interest at the rate of 5 per cent. per annum, for such time as said principal sum or any part thereof shall remain unpaid,

     *          *          *          *          *          *

Interest to be paid on the first day of each month

Monthly payments to be Fifty dollars each month

Collateral: — House and land at 19 Cottage Farms — Cape Elizabeth, Me.

     *          *          *          *          *          *

> C. Everett Boynton
> Alice Buxton Boynton."

On the back of the instrument appears a record of payments on account of principal and interest, the payments on principal being in part in monthly installments of $50 each and thereafter until August 23, 1933, in larger and smaller amounts, as a rule sufficient in the aggregate to meet the installment provisions of the note.

The defense relied upon before the referee and on this review is that the note in suit was simply a demand note dated October 2, 1931, and action thereon against the defendant Alice Buxton Boynton as co-maker not having been begun until November 6, 1939, as the writ shows, it is barred by the statute of limitations. R. S., Chap. 95, Sec. 90. As the record reads, it must be assumed that this was the ground upon which the referee found that the defendant Alice Buxton Boynton was entitled to judgment. The correctness of that ruling depends upon the maturity of the note in suit. If it was simply a demand note, the ruling was correct. It is well settled in this state that a promissory note payable on demand is due instantly and the statute of limitations begins to run from its date. *Sanford* v. *Lancaster*, 81 Me., 434, 17 A., 402; *Ware* v. *Hewey*, 57 Me., 391; *Young* v. *Weston*, 39 Me., 492. It is the opinion of the court, however, that a proper construction of the language of the note indicates it is not simply a note payable on demand, but an installment note calling for monthly payments of $50 each until the full amount of the debt is satisfied.

It is a well-established rule that in the construction of a note the intention of the parties is to control if it can be legally ascertained by a study of the entire contents of the instrument with no part excluded from consideration, and anything written or printed on the note prior to its issuance relating to its subject matter must be regarded as a part of the contract and given due weight in its construction. *Waldo Co.* v. *Downing*, 131 Me., 410, 163 A., 787; *Alden* v. *Machine Company*, 107 Me., 508, 511, 78 A., 977; *Gas Company* v. *Wood*, 90 Me., 516, 520, 38 A., 548; *White* v. *Cushing*, 88 Me., 339, 34 A., 164; *Wheelock* v. *Freeman*, 13 Pick. 168; *Barnard* v. *Cushing*, 4 Metc., 230; *Costelo* v. *Crowell*, 127 Mass., 293. When there is a patent ambiguity in the instrument, it is competent for the court to determine from the paper itself, in the light of the circumstances in which it was given, what was the actual intention of the

parties. *Nichols* v. *Frothingham*, 45 Me., 225 ; *Waldo Co.* v. *Downing*, supra.

Applying these rules to the instant case, an examination of the entire text of the note in suit in its material parts leads to the conclusion that the plain intent of the parties was that the makers of this note were to have time in which to liquidate their obligation and not be compelled to pay the entire debt on demand. The note was for a substantial amount and apparently it was intended that collateral security should be furnished. By the express terms of the contract, interest was to be paid the first day of each month, and "Monthly payments [were] to be Fifty dollars each month." And finally, the parties themselves treated the paper as an installment note as the payments credited on the back of the instrument witness. These facts, we think, clearly warrant the construction which we have placed upon this note. It is in accord with the view taken on substantially analogous facts in *Trigg* v. *Arnott* (Cal. App.), 71 P. (2d), 330 ; see Brannan's Neg. Inst. Law (6th ed.), 197.

The note has no acceleration of maturity provision. As installment payments required by its terms became due, a cause of action accrued and the statute of limitations ran against each from such maturity. *Burnham* v. *Brown*, 23 Me., 400 ; see *Levee* v. *Mardin*, 126 Me., 133, 135, 136 A., 696. Those which became due and remained unpaid within the six-year period prior to November 6, 1939, the date of the writ, were not barred by the statute of limitations. They aggregate a substantial sum of money for which the defendant, Alice Buxton Boynton, is liable on this record. The acceptance of the report of the referee ruling that she was entitled to judgment was error.

No question except as to the maturity of the note and the bar of the statute of limitations as specially pleaded having been raised before the Law Court, the entry must be

*Exceptions sustained.*