192 P.2d 557

**MAFFETT v. EMMONS.**
**No. 5077.**

Supreme Court of New Mexico.
March 22, 1948.

Rehearing Denied May 5, 1948.

Owen B. Marron and Alfred H. McRae, both of Albuquerque, for appellant.

Simms, Modrall, Seymour & Simms and Joseph E. Roehl, all of Albuquerque, for appellee.

COMPTON, Justice.

Appellant seeks review of an adverse judgment arising out of a suit to collect a note which reads as follows:

"$8,467.68    Albuquerque, N. M., July 10, 1946—On Demand—After Date, I, We, Or Either Of Us, Promise To Pay To The Order Of Virgil I. Strickland, Hot Springs, N. M. at The First National Bank, Hot Springs, N. M.—Eight Thousand Four

Hundred Sixty Seven And 68/100—Dollars at its office with interest from Date until paid, at the rate of 5 per cent per annum, with ten per cent additional on amount unpaid, should this note be placed in the hands of an attorney for collection. Value Received. This note is payable at the rate of $50.00 per month including interest at 5% per annum. Payments commencing August 10, 1946. The Makers, Endorsers and Sureties Hereof, Hereby severally waive protest, demand and notice of protest and non-payment, in case this note is not paid at maturity, and agree to all extensions after maturity, without prejudice to the holder.

S/ John J. Emmons

Address 301 North Second Street,

Albuquerque, New Mexico."

On the reverse side appear the following endorsements:

| "Date | Interest | Principal | Balance |
|---|---|---|---|
| 7/17–46 | $35.28 | $14.72 | $8452.96 |
| 9/6– | 35.22 | 14.78 | 8438.18 |
| 11/12–46 | 77.19 | 22.81 | 8415.37" |

Subsequently, Strickland having been declared to be an incompetent, appellant qualified as guardian of his estate and, under the assumption that the instrument was a demand note, declared the whole indebtedness due and payable.

The trial court, sensing an ambiguity, admitted evidence as to the agreement of the parties, then held the instrument to be an instalment contract and rendered judgment only for the instalments due.

The question to be determined is whether the instrument is payable on demand.

■■■ In the construction of instruments of this character, we turn to the following well recognized rule:

"A bill or note, the same as any other written instrument, must be construed as a whole, so as to give effect to every part of it, if possible. The contract must be collected from the 'four corners' of the document, and no part of what appears there is to be excluded; and it has been suggested that, inasmuch as indorsements are made on the back of a negotiable instrument, it may be said that the purport of the instrument is to be collected from the 'eight corners.' Further, every word should be given such effect as will tend to harmonize the whole writing, if possible. * * * Anything written or printed on a note prior to its issuance and relating to its subject matter must be regarded as part of the contract represented by the instrument and is to be given due weight in the construction thereof." 10 C.J.S. Bills and Notes, § 42, page 479.

■■■ Tested by this rule, there presently is seen a patent ambiguity. Most courts hold a note, payable on demand, is instantly due. Consequently, the note in question matured July 10, 1946, concurrently with its issuance. It is also payable at

determinable future times commencing August 10, 1946. Thus, we have a collateral agreement incorporated in a negotiable instrument which deprives it of the simplicity of form characteristic of negotiable paper. With this uncertainty as to maturity we are unable to apply the rule in such manner as would reasonably tend to harmonize the whole writing. This conclusion is sustained by the construction placed thereon by the parties. They treated it as an instalment contract.

Where an instrument is ambiguous the construction of the parties will govern. Cf. Trigg v. Arnott et al., 22 Cal.App.2d 455, 71 P.2d 330; Scholbe v. Schuchardt, 292 Ill. 529, 127 N.E. 169, 13 A.L.R. 247; Barron v. Boynton et al., 137 Me. 69, 15 A.2d 191; Collateral Liquidation Inc. v. Renshaw, 301 Mich. 437, 3 N.W.2d 834, 140 A.L.R. 1386; Banking Commission v. Townsend, 243 Wis. 329, 10 N.W.2d 110, and Annotations appearing at 155 A.L.R. 218.

Having concluded that the instrument is an instalment contract, and since it contains no provision accelerating its maturity, it is our opinion that appellant is entitled to maintain her action only for past due instalments. Cf. Crowe v. Beem, 36 Ind.App. 207, 75 N.E. 302; Whittier v. First Nat. Bank of Sterling, 73 Colo. 153, 214 P. 536; Llewellyn Iron Works v. Littlefield, 74 Wash. 86, 132 P. 867, Ann.Cas. 1915A. 959.

In support of her contention appellant cites Bank of America Nat. Trust & Savings Ass'n v. Schumacher, 6 Cal.App.2d 651, 45 P.2d 239. Schumacher had issued a note payable on demand and then relied upon contemporaneous writings to alter its character, asserting that the instrument was an instalment contract. The instrument upon its face was complete and fully explained the contract of the parties and the court so held. But here, uncertainty and ambiguity appear within the instrument itself. That case is readily distinguishable and we find no fault with the decision.

The judgment will be affirmed and it is so ordered.

BRICE, C. J., and LUJAN, SADLER and McGHEE, JJ., concur.