Merrimack,
No. 6314.

HYMAN SIMON & a. AND NORMAN W. DAVIS & a.

*v.*

NEW HAMPSHIRE SAVINGS BANK

CHARLES GILL, INTERVENOR.

November 3, 1972.

*Robert D. Branch,* by brief and orally, for the plaintiffs.

*Sulloway, Hollis, Godfrey & Soden* and *John C. Ransmeier (Mr. Ransmeier orally)* for the defendant.

*Orr and Reno,* for the intervenor, filed no brief.

DUNCAN, J. The plaintiffs seek by this bill in equity to restrain and enjoin the defendant bank from foreclosure of a mortgage given to it on May 20, 1965, by the intervenor Gill, a developer, to secure a construction loan of $20,000. In May 1967, the plaintiffs Simon and Nurse assumed and agreed to pay the mortgage upon conveyance of a portion of the mortgaged premises to them. Simon and his wife were also bound by separate agreement with the bank, under seal, to pay the mortgage note "as fully as if [they] had signed [it]".

In 1970, the plaintiffs Davis obligated themselves to pay the mortgage to the bank by virtue of a deed to them from Simon and Nurse of a still smaller portion of the mortgaged premises. The same conveyance also bound them to pay a mortgage to the intervenor Gill which was subsequent both to the mortgage which is the subject of this suit and a second mortgage to the bank by the intervenor Gill later assumed by the plaintiffs Simon and Nurse. On January 30, 1970, the bank made demand for payment in full on Gill and Simon and Nurse, and notified Davis of the demand.

The Superior Court (*Flynn*, J.) transferred without ruling, upon the pleadings and an agreed statement of facts, the sole issue of whether the mortgage may be foreclosed in the absence of breach of any condition of the mortgage except the failure, upon demand, to pay the unpaid balance of the demand note secured thereby.

The mortgage which the bank seeks to foreclose is conditioned upon repayment of the borrowed sums and of "the mortgagor's note or notes ... payable to the order of the ... Bank, on demand, with interest payable monthly at the rate of 6 per cent per annum, and any renewals thereof," in which case, (assuming compliance with other conditions not here material) the mortgage deed "shall be void and of no effect ...." The mortgage then provides: "It is further agreed without the mortgagee waiving the right to demand payment in full at any time that One Hundred Forty-Four ... Dollars be paid monthly beginning December 20, 1965, to apply first on interest and balance on principal of the note or notes above referred to ...."; and that on failure of performance of any of said conditions the mortgage debt shall become due and payable, and the mortgage may be foreclosed, under the power of sale.

Similarly the mortgage note, under date of May 20, 1965, contains a corresponding "promise to pay ... on demand, with interest at 6 per cent per annum payable monthly, giving the bank the right of collecting this note at any time ...."; together with a "further" agreement, "without the bank's waiving the right to demand payment in full, at any time, that $144.00 be paid monthly to apply first on interest and balance upon principal ...."

Thus both the note and the mortgage held by the defendant bank plainly provide for monthly payment not only of interest, but also of a part of the principal. But as both the note and mortgage specifically provide, the agreement for monthly payments was made without waiver of the mortgagee's "right to demand payment in full at any time". Moreover the note, the terms of which were incorporated in the condition of the mortgage, gave to the bank "the right of collecting this note at any time."

In the face of these explicit agreements, we cannot accept the plaintiffs' contention that the provisions for installment payment of the debt converted the mortgage note from a demand note to an installment note, so that payment in full could be demanded only under the acceleration provisions of the mortgage, upon default in the payment of monthly installments.

The case is controlled by principles laid down in *Merrimack River Sav. Bank* v. *Higgins,* 89 N.H. 154, 195 A. 369 (1937). There a mortgage note payable "on demand, with interest semi-annually, at five per cent" was held to be a promise "to pay forthwith", creating a "mature obligation as soon as it is given", in spite of the fact that semiannual payment of interest was also provided for. The plaintiffs' contention that the circumstances of the agreement required "a reasonable time to elapse" before the note matured, was held to be "unsound". "The form of the note is determinative". *Id.* 157.

The mortgage note in the case before us is not to be considered any less a demand note because in addition to requiring the monthly payment of interest, it also required the monthly payment of installments of the principal. The repeated reservation to the bank of the right to demand payment in full at any time leaves no room for an interpretation of the transaction which would nullify both the promise to pay on demand, and the reserved right to demand payment regardless of whether other conditions of the mortgage were breached or not. Significantly, the note also reserved to the maker a correlative "right to anticipate payments". Thus under their agreement neither party was at the mercy of

the other, since each was in a position to protect his own interest as fluctuations of the money market might dictate.

We find nothing to preclude enforcement of the demand provisions of the note in RSA 382-A:3-108, which relates primarily to the definition of a negotiable instrument. *See* RSA 382-A:3-104(1) (c). Nor are we concerned with RSA 382-A:1-208, since the bank does not rely upon the acceleration provisions of the mortgage to support foreclosure. As the statutory comments point out, "this section has no application to demand instruments . . . whose very nature permits call at any time with or without reason".

The plaintiffs urge that in determining the intention of the parties to the mortgage, consideration should be given to the mortgagor's application for the loan, which preceded it and sought approval of a twenty-year construction loan repayable at the rate of $144 per month. This document however, over the signature of the mortgagor, provides that it shall not constitute a contract or agreement on the part of the bank; that the loan shall not become available "until all other requirements of the Bank have been complied with"; and that the mortgagor agrees "that any terms of amortization or repayment which the Bank may agree upon will not be deemed to waive any provision of the note."

Clearly the note and mortgage represent the final, integrated agreement of the parties. We hold that the unambiguous demand provisions of both instruments became binding in accordance with their terms.

Cases cited from other jurisdictions such as *Trigg* v. *Arnott,* 22 Cal. App. 2d 455, 71 P.2d 330 (1937), *Barron* v. *Boynton,* 137 Me. 69, 15 A.2d 191 (1940), and allied cases relying thereon, were concerned with notes containing no reservation to the payee of a right to demand payment in full at any time, and none to the maker of a right to anticipate payment. The ambiguities resolved in those cases are not present in this case. The right sought to be exercised by the defendant bank bears no aura of the unconscionable, but is in conformity with the policy that funds of savings bank depositors shall be kept soundly invested. *Peterborough Savings Bank* v. *King,* 103 N.H. 206, 168 A.2d 116 (1961); *see* RSA ch. 387.

Payment of the demand note held by the defendant is an express condition of the mortgage, which authorizes foreclosure "on failure of performance of any of said conditions." The plaintiffs' argument that the foreclosure sale is contrary to statute cannot be accepted. RSA 479:25.

*Temporary injunction dissolved;*
*judgment for the defendant.*

GRIMES, J., dissented; the others concurred.

GRIMES, J., *dissenting:* I cannot accept the literal construction of this note and mortgage urged by the bank and adopted by the court.

The note and mortgage which must be read together (RSA 382-A:3-119) clearly contain provisions that are inconsistent with demand instruments. These inconsistencies, however, can easily be resolved by construing the instruments as installment obligations payable on demand only in the event of default. True, the note states it is "payable on demand." A note payable on demand is due and payable upon execution, and the bank could maintain an action against a homeowner on the same day the mortgage is given. *Merrimack River Sav. Bank* v. *Higgins,* 89 N.H. 154, 195 A. 369 (1937); *Newell* v. *Clark,* 73 N.H. 289, 61 A. 555 (1905). However, this note and mortgage also provide that "on failure of performance of any said conditions [make monthly payment, adequately insure, pay taxes, water rates and assessments, and not suffer waste of the premises] the full sum or any unpaid balance of the mortgage debt hereby secured shall become due and payable" and that interest and principal shall be payable $144 per month commencing seven months from date.

It is inconsistent for a debt both to be due and payable immediately and to become due and payable upon default some time in the future. It is further inconsistent for a mortgage to be actionable without default the day it is given and to also provide for monthly installments not beginning until seven months later. In addition, a provision for renewals contemplates a postponement of maturity and is more

appropriate to a time obligation than a demand obligation. Black's Law Dictionary 1460 (4th ed. 1951); 11 Am. Jur. 2d Bills and Notes ss. 307-08 (1963).

Here, there was an application for a loan for a term of 20 years. The bank's investment committee recommended a loan for a term of 20 years. Both the note and mortgage provide for monthly payments which are consistent with a twenty-year installment debt. Ordinarily, a demand note does not provide for installment payments (4 Uniform Laws Annotated ss. 2-108; 1 Willier & Hart, Forms and Proceedings Under the U.C.C. s. 32.14), and a mortgage note is not ordinarily a demand note. Modern Legal Forms s. 5696-5711 (1972); 6 Nichols, Cyclopedia of Legal Forms s. 6.1128 (1959); 1 Jones, Legal Forms ss. 18.40, 18.43, 18.45 (1962).

I believe that a layman generally believes a home mortgage to be a time obligation. McMichael and O'Keefe, How to Finance Real Estate 4 (1953). Its purpose is to permit a person to purchase a home and pay for it over a period of time. The bank's claim that the debt is due immediately is inconsistent with this general practice and would defeat the very purpose of the loan. *Yates* v. *Goodwin,* 96 Me. 90, 51 A. 804 (1901). The inconsistencies in this note and mortgage support the common expectation that a mortgage is a time obligation. A layman who reads that the entire obligation will become due and payable upon default and that interest and principal is payable at $144 per month commencing in seven months, would reasonably expect that in the absence of default only each monthly installment will be due and payable monthly and that the provisions for payment on demand are impliedly conditional upon default. He does not expect that the bank has the right in the absence of default to demand immediate payment in full.

If the note and mortgage mean what the court says, then there would have been no need for the provision providing that the entire obligation would become due on default. The inclusion of this clause, however, misleads the owner into believing that he is secure in his home in the absence of default only to find under today's decision that he is at the mercy of the bank.

The note is consistent with being a time obligation. RSA 382-A:3-109. As the report of the Editorial Board Subcommittee on articles 3 and 4, *s.* 3-109 at page 110 (1954) remarked: "There is, one supposes, a difference between a demand note and a note payable at some future time. The layman who signs a note may well wish to know whether he is signing time paper or demand paper. He should not be expected to sign what is actually a note payable on demand when he thinks he has a specified time to pay his debt." The course of dealing between the parties (the payment and acceptance of installment payments) and the usage of trade (the custom of not calling for payment in absence of default) both support the note and mortgage being installment obligations. RSA 382-A:1-205. Giving effect to the intention of the parties gleaned both from the language itself and from the surrounding circumstances, I would hold the note and mortgage in this case to represent an installment obligation. *Griswold* v. *Heat, Inc.,* 108 N.H. 119, 229 A.2d 183 (1967); *Salmon Falls Manufacturing Co.* v. *The Portsmouth Company,* 46 N.H. 249 (1865).

Prior cases when presented with a similar instrument have uniformly construed it to be an installment note, despite the technical language that it was payable "on demand". In *Trigg* v. *Arnott,* 22 Cal. App. 2d 455, 71 P.2d 330 (1937), the instrument provided for payment "on demand" and also for monthly payments of principal and interest and for the entire note to "immediately become due and payable at the option of the holder" in the event of default. The court, reversing the trial court, held the instrument was not a demand note, but was rather an installment note. Although the note was ambiguous, it was "clear" that the instrument was only to be considered a demand note in the event of default. In *Barron* v. *Boynton,* 137 Me. 69, 72, 15 A.2d 191, 193 (1940), the instrument provided for payment "on demand" and also for monthly payments of principal and interest. The supreme court, reversing the trial court, held the instrument was not a demand note, but was rather an installment note. Although the note was ambiguous, "the plain intent of the parties was that the makers of this note were to have time . . . and not

be compelled to pay the entire debt on demand." In *Collateral Liquidation, Inc.* v. *Renshaw*, 301 Mich. 437, 3 N.W.2d 834 (1942), the instrument provided for payment "on demand" and also for monthly payments of principal and interest and for the holder's election that the obligation be "due and payable on demand" in the event of default. The supreme court, reversing the trial court, held the instrument was not a demand note, but was rather an installment note. In *Maffett* v. *Emmons*, 52 N.M. 115, 192 P.2d 557 (1948), the instrument provided for payment "on demand" and also for monthly payments of principal and interest. The supreme court held the instrument was not a demand note, but was rather an installment note.

I fully accept the unquestioned law of *Merrimack River Savings Bank* v. *Higgins*, 89 N.H. 154, 195 A. 369 (1937), and *Newell* v. *Clark*, 73 N.H. 289, 61 A. 555 (1905). The instruments in those cases were obviously demand notes. Annot., 71 A.L.R.2d 284, *s.* 9 (1960). In *Merrimack River Savings Bank* v. *Higgins, supra,* there were no provisions for installment payments of principal, nor were there any provisions inconsistent with the debt being payable on demand; clearly the court was correct not to permit "parol evidence . . . to vary . . . the settled legal import" of those notes. But this is not a parol evidence case; here the note and mortgage themselves provide for monthly installments of principal as well as interest and are inconsistent with the debt being payable on demand. They should be construed, consistent with the parties' intent, as installment notes.

It is argued that the parties agreed to monthly payments "without the bank's waiving the right to demand payment at any time." I would construe that provision as protecting the bank against any acts or conduct on its part which would tend to show it had relinquished the right to demand payment in full in the event of default. *See* 92 C.J.S. Waiver, at 1041 (1955); Bowers, Law of Waiver *ss.* 1-2 (1914). Here, the plaintiffs do not claim the bank has waived any rights through its acts or conduct, but rather that the note by its express terms is inconsistent and ambiguous, and construed according to the reasonable intent and expectation of the parties

is an installment note. In addition, I find the effect of this provision to be nothing more than a provision allowing the bank to "accelerate at will" which, under RSA 382-A:1-208, must be "construed to mean that he shall have the power to do so only if he in good faith believes that the prospect of payment or performance is impaired." *See also La Sala* v. *American Sav. & Loan Ass'n,* 5 Cal. 3d 864, 489 P.2d 1113, 97 Cal. Rptr. 849 (1971). There is no claim here that the prospect of payment or performance was impaired.

In summary, I find the instruments involved here, the equities between these parties, and all relevant cases prohibit the bank from foreclosing this mortgage in the absence of default.