**John E. ROGERS and Violet M. Rogers, Appellants,**

v.

**SECURITY BANK OF MANCHESTER, Appellee.**

No. 80–2164.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 8, 1981.

Decided Sept. 14, 1981.

David L. Welsh, St. Louis, Mo., for appellants.

James C. Brandenburg, Wayne L. Millsap, P. C., Clayton, Mo., for appellee.

Before BRIGHT and ARNOLD, Circuit Judges, and DAVIES,* Senior District Judge.

* The Hon. Ronald N. Davies, Senior United States District Judge for the District of North Dakota, sitting by designation.

1. At the time this case was filed, the Rogerses lived in Arizona. They now live in Florida.

PER CURIAM.

Appellants John and Violet Rogers brought this diversity action in federal district court, contending that appellee Security Bank of Manchester wrongfully demanded full payment of a note signed by them.[1] Appellants claimed they sustained substantial damages when they had to obtain a new loan at a higher interest rate. At the close of the appellants' case, the bank moved for dismissal, and the District Court[2] granted the motion. The Rogerses bring this timely appeal.

Appellants obtained a $200,000 loan from the bank for construction and permanent financing of an addition to the Manchester Nursing Home, which they owned. The loan agreement provided that the borrowers' personal and business accounts should be kept at appellee bank. Appellants signed two notes, one for construction, dated January 24, 1977; and a personal financing note to replace the first note, dated February 28, 1978. Interest was set at 8½%.

Appellants retired in June, 1978, and moved to Arizona. Their son, Ronald Rogers, took over management responsibilities for the nursing home. He was a customer of another bank, Ellisville Metro Bank, and opened checking accounts for the nursing home there. Meanwhile, appellants kept a small amount in their account with appellee, and closed the account altogether on November 20, 1978. On December 28, 1978, the bank made written demand to the borrowers for the full amount of the loan.

In January, 1979, the borrowers' son met with the bank's president, who informed him of the checking-account agreement. Ronald Rogers stated that he would see what he could do. In March, 1979, Ronald opened a payroll account at Security Bank, but continued to keep a much larger account for the home at the Ellisville bank.

Security Bank of Manchester is located in St. Louis County, Missouri.

2. The Hon. William L. Hungate, United States District Judge for the Eastern District of Missouri.

On July 20, 1979, the bank again made written demand for full payment. In response to the second demand and at John Rogers's request, Ronald Rogers went to talk to the bank's vice-president. On July 27, the bank sent a letter to the borrowers which suspended the demand on condition that all nursing-home accounts would immediately be placed at the bank and kept there. Ronald Rogers informed the bank's vice-president that he would proceed to use the home's account as a regular account as soon as the right checks could be ordered and received.

On August 9, the bank reinstated its demand. The borrowers paid the balance of the loan on September 25 with funds which they had borrowed from another bank at 12% interest. This action is for the difference between what they will pay under the new loan and what they would have paid under the old loan.

On appeal, the Rogerses contend that the trial court erred in ruling that the notes were demand notes, and in ruling that the borrowers failed to comply substantially with the provisions of the loan agreement. In support of the first contention, the borrowers draw our attention to a description of a payment schedule in the second note, and contend that this language evinces an intention that the note was to be an installment obligation. We cannot ignore the beginning language of the note, however, which was "on demand and until demand be made." This demand language also appeared in the first note, and the original loan agreement called for a demand provision to appear in both notes. Under these circumstances, we think that the payment schedule in the second note only clarifies how the debt should be paid, assuming no demand is made. See *Simon v. New Hampshire Savings Bank*, 112 N.H. 372, 296 A.2d 913 (1972).

Having found that the note was payable on demand, we do not need to decide the question of substantial compliance. We note, however, that the evidence conclusively shows that the borrowers failed to comply with the checking-account agreement.

The Rogerses characterize this provision as a minor part of the agreement, but we think it was a reasonable requirement which enabled the bank to keep track of the solvency of the borrowers' nursing-home business.

Affirmed.