Strafford
No. 82-110

JOHN MCELROY

v.

LAWRENCE A. GAFFNEY

January 24, 1983

*Burns, Bryant, Hinchey, Cox & Shea*, of Dover (*James H. Schulte* on the brief), by brief for the plaintiff.

*Theodore W. Barnes*, of Concord, by brief for the defendant.

PER CURIAM. The plaintiff in this action, John McElroy, seeks to recover $10,000 due on a promissory note executed by the defendant, Lawrence A. Gaffney. The main issue presented by this appeal is whether the Superior Court (*Temple*, J.) properly granted the plaintiff's motion for summary judgment. We find no error and affirm.

In support of his motion for summary judgment, the plaintiff filed an affidavit stating that he loaned $10,000 to the defendant, who prepared and signed the following note:

"April 3, 1978
*Demand Note*

Received from John F. McElroy on April 3, 1978, Ten Thousand Dollars ($10,000.00) *payable on demand.*

Lawrence A. Gaffney"

(Emphasis added.) The plaintiff alleged that the defendant agreed to repay the loan on demand, but refused to do so when requested.

The defendant filed a counter-affidavit, admitting that he borrowed the funds from the plaintiff, that he signed the promissory note, and that he refused to make repayment upon request. The affidavit stated, however, that the parties held equal interests in a manufacturing corporation and that they had agreed, as in previous instances, that repayment of the loan was to occur only when the corporation showed a positive net worth. The affidavit further alleged that the corporation had not then achieved a positive net worth.

The trial court found that the defendant had drafted and executed the note, and that the repayment terms were unambiguous. Based on the language of the note alone, the court concluded that the loan was payable on demand and that the affidavits therefore disclosed no material issue of fact warranting the admission of parol evidence. It granted summary judgment for the plaintiff, and the defendant appealed.

The defendant argues that the trial court erred in ruling that no material issue of fact existed. He claims that his affidavit raised triable issues of fact as to: (1) whether the note was a total integration of the parties' agreement; and (2) whether the plaintiff fraudulently induced the defendant to execute the note.

 In ruling on a motion for summary judgment, a trial court must determine whether the pleadings, affidavits and other evidence on file disclose a *genuine* issue of *material* fact. RSA 491:8-a, III (Supp. 1981); *see Carbur's, Inc. v. A & S Office Concepts, Inc.*, 122 N.H. 421, 423, 445 A.2d 1109, 1110 (1982). The pertinent documents are to be considered in the light most favorable to the party opposing the motion. *Thomson v. Cash*, 119 N.H. 371, 375, 402 A.2d 651, 654 (1979).

 It is well settled that when a writing contains unambiguous language, its plain meaning cannot be contradicted by parol evidence. *See Nashua Trust Co. v. Weisman*, 122 N.H. 397, 399, 445 A.2d 1101, 1102 (1982); *MacLeod v. Chalet Susse Int'l, Inc.*, 119 N.H. 238, 243, 401 A.2d 205, 209 (1979); *Ecko Enterprises, Inc. v. Remi Fortin Constr., Inc.*, 118 N.H. 37, 41, 382 A.2d 368, 371 (1978). This rule applies even in the absence of a total integration. *See LaPierre v. Cabral*, 122 N.H. 301, 306, 444 A.2d 522, 526 (1982); J. CALAMARI & J. PERILLO, THE LAW OF CONTRACTS § 3-2, at 103 (2d ed. 1977).

 In the instant case, the language of the note, "payable on demand," was unambiguous, and the conditional repayment terms alleged by the defendant contradicted the plain meaning of this language. *See Simon v. New Hampshire Sav. Bank*, 112 N.H. 372, 374, 296 A.2d 913, 915 (1972); *see also Merrimack River Sav. Bank v. Higgins*, 89 N.H. 154, 154–55, 195 A. 369, 370 (1937). Thus, while the affidavits may have raised an issue as to whether the note was totally or partially integrated, this issue was irrelevant because the defendant's contradictory evidence would have been inadmissible in either case. The demand language was controlling, and the trial court properly recognized that no relevant issue existed as to the repayment terms.

■ The defendant's second contention, that his affidavit raised a triable issue concerning the possibility of fraud, does not warrant extended discussion. We dispose of this claim simply by noting that while the defendant's affidavit stated his understanding of the agreement, it contained no allegation, nor even any suggestion, of fraud by the plaintiff. *See Studwell v. Travelers Ins. Co.*, 121 N.H. 1090, 1091–92, 438 A.2d 942, 943 (1981).

*Affirmed.*