[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PREJUDGMENT REMEDY
The plaintiff has brought this action for a prejudgment remedy (PJR) pursuant to sections 52-278c and 52-278d C.G.S. The defendant has signed five notes for amounts advanced to him under a $500,000 line of credit issued by the plaintiff. The five notes are for five advances of funds made by the plaintiff bank. The amounts of the notes and their dates are as follows: (1) $102,000 dated February 10, 1986; (2) $52,500 dated December 31, 1987; (3) $60,000 dated October 26, 1989; (4) $40,000 dated November 23, 1989; and (5) $135,000 dated May 9, 1990. The amount owed on these notes, together with interest through October 15, 1989 is respectively $99,188.66; $46,189.58; $60,163.07; $35,579.02; and $137,638.12. All of the notes are labelled in large letters "DEMAND NOTE" although the defendant claims that some of them in fact are not demand notes. The evidence produced at the hearing does not show that the defendant has failed to make any of the principal and interest payments called for in the notes, and the plaintiff bank concedes that its sole purpose in calling the notes is to secure additional collateral for the loans to the defendant. On July 1, 1990 the bank made demand in a letter from its president upon the defendant to either give the bank satisfactory collateral to secure the outstanding loans or to pay the loans in full. The bank had previously received information from the defendant on his assets and liabilities and prepared a financial affidavit for him to sign which indicated that the defendant had a net worth of over $2.9 million dollars. The defendant either failed or refused to supply the bank with additional collateral for the five loans. On July 30, 1990 the bank sent five separate letters to the defendant, one for each loan, demanding full payment on the loans, stating as a reason the defendant's failure to supply the bank with acceptable collateral for the loan. The bank indicated in the letters and subsequently that it would be satisfied if the defendant supplied collateral for the loans. This action was commenced when the defendant failed to pay off the loans in full or supply the bank with collateral. After a telephone conversation with the chairman of the loan committee the defendant made a $19,000 payment to the bank, but the bank still wants more collateral for the loans. CT Page 2789
The five notes are on the same printed form. The largest print on the instrument is entitled "DEMAND NOTE" and under the terms of payment the form states: "Terms of Payment: On demand, for value received, I. . .promise to pay to the order of Housatonic Bank Trust Company. . .the sum of . . .with interest on the unpaid balance at the following rate. . ." The note then provides for the rate of interest and for quarterly payments, although it does not contain a final payment date. Under "Events of Default" the printed form states "or if the holder deems itself insecure. . .the holder may, without notice or demand, demand the indebtedness to be immediately due and payable."
The party requesting a PJR must show that there is probable cause to sustain the validity of the claim, namely a bona fide belief in the existence of facts which would warrant a reasonable person to make the claim. Three S. Development Co. v. Santore, 193 Conn. 174, 175. Proof of probable cause is not as demanding as proof by a preponderance of the evidence. Ledgebrook Condominiums Ass'n. Inc. v. Lusk Corporation, 172 Conn. 577, 583. The court has to determine probable success by weighing probabilities. Three S. Development Co. v. Santore, supra, 176. Affidavits and evidence presented by both sides must be considered. William F. Ravies Associates, Inc. v. Kimball, 186 Conn. 329,333. An uncontradicted statement in an affidavit is ordinarily sufficient to support probable cause for a PJR, provided such belief is founded upon reasonable subordinate facts. McCahill v. Town Country Associates, Ltd., 185 Conn. 37,39. At a PJR hearing the defendant may present a valid defense to defeat a PJR by showing that as a result of the defense, that there is no probable cause that the plaintiff will recover a judgment. Augeri v. C. F. Wooding Co.,173 Conn. 426, 429; Babiarz v. Hartford Special, Inc., 2 Conn. App. 388,393. While a clear, factually and legally simple defense may defeat a PJR, Augeri v. C. F. Wooding Co., supra, 429, the trial court is not supposed to make a full and final decision on factually and legally complex issues at a PJR hearing. Babiarz v. Hartford Special, Inc., supra, 393.
The essential facts stated above are basically uncontested The defendant's position is that the bank has been unreasonable in attempting to collect on these notes when the defendant is not in financial difficulty and has a net worth of $2.9 million dollars. The defendant makes two related legal arguments: (1) the notes are not demand notes and (2) if the notes are demand notes, since they provide for acceleration where the holder deems itself insecure, that the demand provisions are nullified and acceleration is allowed only where the holder acts in good faith in requiring CT Page 2790 acceleration.
It is clear that the plaintiff is entitled to a PJR, because it has met the probable cause standard, unless these defenses defeat the bank's right to recover on the notes. All five notes purport to be payable on demand even though the defendant was not in default on any payments, demand for payment was made, and the defendant has not paid the principal and accrued interest on the notes. Section 42a-3
122(1) C.G.S. provides that a cause of action accrues against a maker of a note "in the case of a demand instrument upon its date or, if no date is stated on the date of issue." Section 42a-3-108 states that "instruments payable on demand include those payable at sight or on presentation and those in which no time for payment is stated." It was held in House v. Peacock, 84 Conn. 54, 55 that where a negotiable instrument was payable "on demand after date" that it was payable on demand even though the instrument provided that it was to bear interest from date. Demand obligations are, as between the maker and the payee, due and payable immediately, and suit can be brought upon them immediately, Id, 55. The time of payment would be the same if the words "on demand" had been omitted and no time of payment expressed. Curtis v. Smith, 75 Conn. 429, 431; Bacon v. Paige, 1 Conn. 404. In the note itself there is a no provision stating any date when the note is due, which supports the bank's position that it is a demand note. At the top of each of the five notes there are a series of boxes labelled "FOR BANK USE ONLY". One of these boxes has a spot for "DUE DATE" and all of the boxes are apparently filled in by the bank itself, by someone whose initials are JSL, known as Officer #061. The entries on two of the notes say "DEMAND" (Exhibits A B) while the other three say respectively "26th", "23rd", and "5-9-91". (Exhibits C, D, E). The evidence produced at the hearing included notices of loan payments sent to the defendant by the bank (Exhibits 2, 3, 4, 5 6) which correspond to the five notes and each contain a designated date under the word "maturity". While it is possible that the defendant may succeed at trial on his claim that these entries overcome the clear statement in the five notes that they are demand notes and payable on demand, a PJR hearing is not intended to be a full scale trial on the merits of the plaintiff's claim, and the plaintiff does not have to establish that it will prevail, but only that there is probable cause to sustain the validity of the claim. Solomon v. Aberman, 196 Conn. 359, 363; Three S. Development Co. v. Santore, supra, 175. It is most unlikely that the defendant will convince the trier that these entries effect the terms of the demand notes and amount to fixed maturity dates sufficient to turn the demand notes into time instruments or CT Page 2791 ones with a fixed term. The instruments themselves do not state a specific date for payment, and accordingly would probably be considered demand instruments. Section 42a-3-108
C.G.S.; Mackey v. Dobrucki, 116 Conn. 666, 669.
In Simon v. New Hampshire Savings Bank, 112 N.H. 372,296 A.2d 913, 915 (1972), where a note reserved the right to demand payment regardless of whether other conditions of the mortgage securing the note were breached, provisions for monthly installment payments of both interest and principal did not convert the mortgage note from a demand note to an installment note. The notes are required quarterly payments of interest only with no provision for periodic or final principal payments, indicating they are demand notes. See also Anderson Uniform Commercial Code, Commercial Paper, section 3-108:5.
If the five notes are demand obligations, the bank could request payment in full whether or not the defendant was in default on any payments, and whether or not the bank acted in good faith in considering the defendant's failure to supply collateral as a reason for calling the notes. Section 42a-1-208 provides that "a term providing that one party. . .may accelerate payment or performance or require collateral or additional collateral. . .`when he deems himself insecure' . . . shall be construed to mean that he shall have power to do so only if he in good faith believes that the prospect of payment or performance is impaired. The burden of establishing lack of good faith is on the party against whom the power has been exercised." The official comment to section 1-208 states that this section does not apply to demand instruments "or obligations whose very nature permits call at any time with or without reason." See also Anderson, Uniform Commercial Code, Commercial Paper section 1-208:7. Since the five instruments are demand notes, it is unnecessary to consider whether the bank in good faith considered itself insecure when the defendant did not supply collateral for the note when he was requested to.
To overcome this, the defendant argues that the provision in the note amounts to an acceleration clause which is inconsistent with a true demand instrument, which in turn makes the transaction governed by section 42a-1-208 and its concept that the holder of a note act in good faith. The defendant has indicated in his brief that there is no Connecticut authority on the appropriate standard for good faith in the context of acceleration clauses in a note and there is a split of authority in other jurisdictions as to whether an acceleration clause in a note negates its CT Page 2792 underlying character as a demand instrument, requiring a showing of good faith in enforcement of the note provisions.
Law from other states follows the comment in UCC section 1-208 to the effect that this section does not apply to demand obligations. In Fulton National Bank v. Willis Denney Ford, Inc., 154 Ga. App. 846, 269 S.E.2d 916, 918 (1980) it was held that a bank was not required to exercise good faith in seeking payment on demand notes of a customer; a demand instrument is due immediately on demand and may be called at any time with or without reason, and the good faith provisions of section 1-208 did not apply to it. A similar result was reached in Simon v. New Hampshire Savings Bank, supra, and in Flagship National Bank v. Gray Distribution Systems Inc., 485 So.2d 1336, 1340 (Fla.App. 1986) review denied 497 So.2d 1217.
Where a clear legal defense is established the court can rely upon it and throw out the plaintiff's claims at a PJR hearing. New England Land Co., Ltd. v. DeMarkey, 213 Conn. 612,623. On the other hand, since a PJR hearing is not intended to be a full trial on the merits, the courts do not decide factually and legally complex defenses at the time of a PJR application. Babiarz v. Hartford Special, Inc., supra, 393. In the absence of a Connecticut precedent and a difference of a opinion among courts of other states that have decided the question, it is not appropriate to resolve the merits of this defense at this time.
The amount owed on the five notes, with interest, as of October 15, 1990 is $378,758.45. The plaintiff must show probable cause for the amount claimed in a PJR. Essex Group, Inc. v. Ducci Electric Co., 181 Conn. 524, 525. After considering the interest rate on the loans and the fact that the notes allow the bank to recover costs of collection, a PJR of $400,000 as requested by the bank is reasonable.
The PJR application requests permission to attach the interests of the defendant in seven specified parcels of land in Milford. The purpose of a PJR is to provide adequate security to the plaintiff for any judgment that it may recover in the action. No evidence has been presented by either side as to the value of the defendant's interest or the amount of the equity in the seven parcels which the plaintiff proposes to attach. If one or more of the parcels will provide adequate security for the underlying claim, there is no reason to attach the others. In addition there was evidence before the court that the defendant had a net worth of about $2.9 million dollars several months ago. At this time the plaintiff bank is authorized to attach only one CT Page 2793 of the parcels described in the application. This order is without prejudice to an application for further attachment if it is shown that there is adequate security for the plaintiff's claim. The defendant may also file a motion for modification under section 52-278k of the General Statutes if he wishes to substitute other property providing adequate security for the plaintiff's claim.
ROBERT A. FULLER, JUDGE